

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–1569–08

**FRANCIS WILLIAM STRINGER, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SECOND COURT OF APPEALS
TARRANT COUNTY**

**MEYERS, J., delivered the opinion of the unanimous Court.**

**O P I N I O N**

Appellant was arrested for possession of child pornography. He entered an open plea of guilty, requested that the court assess punishment, and filed an application for probation. The trial court accepted the plea and ordered a pre-sentence investigation (PSI) report. At the sentencing hearing, Appellant objected to parts of the PSI that contained facts about a pending unadjudicated offense, claiming that the report violated his Sixth Amendment right to confrontation. The trial court overruled the objection,

found him guilty, and sentenced him to nine years in prison. On appeal, Appellant argued that the trial court erred in overruling his confrontation clause objection. The court of appeals held that he waived the objection by signing an admonishment. We granted Appellant's petition for discretionary review and reversed the court of appeals, holding that the waiver applied only to the guilt phase of trial. We remanded the case to the court of appeals to consider the other grounds for review. On remand, the court of appeals concluded that Appellant forfeited or was estopped from raising the Confrontation Clause objection and again affirmed the trial court. We granted this petition for discretionary review to consider whether the trial court's consideration of the portion of the PSI containing an unadjudicated prior offense violated Appellant's Sixth Amendment right to confrontation. We will affirm the court of appeals.

## COURT OF APPEALS

On remand, the court of appeals determined that Appellant waived his Confrontation Clause objection when he filed an application for probation and put his criminal history in issue by swearing that he had never been convicted of a felony. *Stringer v. State*, 276 S.W.3d 95 (Tex. App.–Ft. Worth 2008). Appellant also used the positive information in the PSI to urge the court to grant probation. *Id*. at 103. The court of appeals ruled that a defendant should not be able to rely on the positive parts of the PSI to show that he should receive probation and at the same time nullify the statutory requirement that the judge consider his criminal history by asserting a Confrontation

Clause objection to the negative portions of the PSI. *Id*.

According to the court of appeals, Appellant benefitted from the trial court's order requiring preparation of a PSI in that he was able to present positive information to the trial court without having to subpoena witnesses or gather evidence. Specifically, he relied on the results of the psychosexual testing conducted pursuant to the PSI order to show that he was a strong candidate for treatment. Finally, he did not indicate that the PSI contained any factual inaccuracies. Therefore, the court concluded that Appellant forfeited his right to assert the Confrontation Clause objection to the criminal history portion of the PSI. *Id*. at 103-104.[1]

The dissenting opinion asserted that the PSI statute violates the Confrontation Clause. *Id*. at 105. It also violates due process for the Appellant to have to call the witness against him in order to exercise his rights to confrontation and cross-examination. *Id*. at 106. A defendant should not have to trade his right to confront witnesses against him for his right to apply for community supervision. The dissent states that the majority's holding improperly allows the PSI statute to prevail over the Constitution. *Id*. at 108-109.

## ARGUMENTS OF THE PARTIES

---

[1]While the court of appeals reasoned that Appellant waived or was estopped from asserting a Confrontation Clause objection, the court held that Appellant *forfeited* his Confrontation Clause objection. *Stringer*, 276 S.W.3d at 104. Although the issue was not raised and is not necessary to our analysis, we note *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), which discusses the distinction between waiver and forfeiture.

Appellant raised the following ground for review in this petition for discretionary review:

> Whether the court of appeals erred in deciding that because the Appellant filed an application for probation, and relied upon the positive information in the PSI to urge the trial court to consider probation, he forfeited or is estopped from asserting his Sixth Amendment Confrontation Clause objection to testimonial statements in the PSI and whether as a result of finding the claim forfeited the Court of Appeals wrongly rejected the argument that the Sixth Amendment Confrontation Clause was violated when the trial court in assessing punishment considered statements regarding an unadjudicated felony where those declarants were unavailable for cross examination and the Appellant had no prior opportunity to question them.

Appellant reiterates the issues raised by the dissenting opinion and argues that if the State wants the trial court to include unadjudicated offenses in a defendant's criminal history for purposes of determining punishment, the State should present witnesses so that the defendant can be confronted with and cross-examine the accusers. Regarding waiver, forfeiture, and estoppel, Appellant says that his request for community supervision did not require him to give up his right to a fair trial. Appellant says that the court of appeals's decision leads to the illogical conclusion that if a defendant pleads guilty, applies for probation, and accepts the preparation of the mandatory PSI, he waived any claim to the Sixth Amendment Confrontation Clause and thus could not question any document or witness except to challenge a factual inaccuracy in the report.

Appellant cites cases stating that the Confrontation Clause applies to the punishment phase of trial and concludes that, due to the harshness of his sentence, he was

harmed by the admission of the unadjudicated offense.

The State argues that Appellant failed to preserve error because he did not object when the report was ordered; he waited until he saw the contents of the report and objected only to the unfavorable parts. Appellants cannot pick and choose what is considered in the report by raising confrontation objections to the negative parts. The State also contends that the Sixth Amendment Confrontation Clause does not apply to punishment proceedings. The State cites numerous federal cases stating that *Crawford* applies to only the guilt phase and has not been extended to sentencing.

Finally, the State argues that if the Confrontation Clause does apply to the PSI, that any error is harmless beyond a reasonable doubt because the remaining portions of the report overwhelmingly support the trial court's sentence.

## DISCUSSION

A PSI is used anytime a sentence is to be determined by a judge. Originally, a PSI was used by the court only in cases in which the defendant was sentenced to probation; however, now the report contains general punishment-phase evidence and assists the court in determining what sentence to assess. Under Code of Criminal Procedure Article[2] 42.12 Section 9, a PSI is used in all non-capital felony cases when community supervision is an option and the judge is assessing punishment but does not intend to follow a plea-bargain agreement under which the defendant has agreed to imprisonment. The judge

---

[2]Unless otherwise indicated, all future references to Articles or Sections refer to the Code of Criminal Procedure.

must order a PSI unless the defendant requests that one not be made and the judge agrees, or the judge determines that there is sufficient information in the record to permit sentencing discretion and explains his reasoning on the record. CODE OF CRIMINAL PROCEDURE Art. 42.12 § 9 (b)(1) & (2). A PSI includes "the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge." Art. 42.12 § 9(a). The defendant is allowed under Section 9(e) to introduce testimony or other information alleging a factual inaccuracy in the report. The PSI statute is also mentioned in Article 37.07 Section 3(d), which relates to evidence of a prior criminal record after a finding of guilty and states that, when a judge assesses punishment, he may order a PSI. That article places no condition on the trial court in considering the contents of the PSI.

Here, the PSI contained information related to a prior offense, including statements made by lay witnesses who said they had observed pornographic images on Appellant's home computer and evidence reported by the person who examined Appellant's computer, which indicated the number of identified victims and number of images found on the hard drive. Appellant claims that the unadjudicated-offense information in the PSI violated his Sixth Amendment rights to confrontation as defined in *Crawford v. Washington*, 541 US 36 (2004). In *Crawford*, the Supreme Court held that a defendant had a right to confront witnesses who made testimonial statements against him. The only exception to that right is if the witness is unavailable and the defendant has had a prior

opportunity for cross-examination. *Id*. at 59. *Crawford* dealt with the guilt phase of trial, and courts have disagreed about whether it applies to a punishment hearing after a finding of guilt.

In *Russeau v. State*, 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005), we held that the trial court's admission of disciplinary reports in the punishment phase of a capital trial violated the appellant's rights under the Confrontation Clause. The reports, written by corrections officers, detailed disciplinary offenses committed by the defendant while he was in jail. Although the reports were admitted under the business-records exception to the hearsay rule, we determined that "the statements in the reports amounted to unsworn, *ex parte* affidavits of government employees and were the very type of evidence the Clause was intended to prohibit." *Id*. at 881. We reversed the appellant's death sentence and remanded the case for a new punishment hearing. The disciplinary reports at issue in *Russeau*, however, differ from the PSI in that the information in the PSI is statutorily authorized. *Russeau* is also distinguishable because it was a capital case in which the jury determined punishment.

We have considered whether unadjudicated offenses could be included in a PSI. The issue in *Smith v. State* was that the unadjudicated offenses had not been shown beyond a reasonable doubt to have been committed by the defendant. We concluded that:

> The plain language of Section 3(d), on its face, continues to place no condition on the trial court in considering the contents of a PSI. . . .We therefore hold that Section 3(a)(1) of Article 37.07 does not prohibit a trial court, as a sentencing entity, from considering extraneous misconduct

> evidence in assessing punishment just because the extraneous misconduct has not been shown to have been committed by the defendant beyond a reasonable doubt, if that extraneous misconduct is contained in a PSI.

227 S.W.3d 753, 763 (Tex. Crim. App. 2007).

Again considering the plain language of the PSI statute, we held in *Fryer v. State*, 68 S.W.3d 628 (Tex. Crim. App. 2002), that a PSI could properly include the victim's opinion regarding probation. Although *Fryer* allowed a trial court to consider evidence in a PSI that could not have otherwise been introduced at punishment, that case dealt with the Rules of Evidence and does not resolve the constitutional issue in this case. *See id.* at 631 (stating that the Rules of Evidence do not apply to the contents of a PSI).

In *Williams v. New York*, 337 U.S. 241 (1949), the Supreme Court considered a due-process argument similar to the Confrontation Clause issue raised here. Although *Williams* was a capital case, the Court refused to draw a distinction on that basis. The Court explained the benefits of a trial court having open access to information at sentencing:

> A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant–if not essential–to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial.
>
> \* \* \*
>
> Under the practice of individualizing punishments, investigational

techniques have been given an important role.  Probation workers making reports of their investigations have not been trained to prosecute but to aid offenders.  Their reports have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guesswork and inadequate information.  To deprive sentencing judges of this kind of information would undermine modern penological procedural policies that have been cautiously adopted throughout the nation after careful consideration and experimentation.  We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination.  And the modern probation report draws on information concerning every aspect of a defendant's life.  The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination.  Such a procedure could endlessly delay criminal administration in a retrial of collateral issues.

*Id*. at 247, 249-50.  The Fifth Circuit applied *Williams*'s reasoning to a Confrontation

Clause argument and noted that the Seventh Circuit has held that *Crawford* does not

apply to a sentencing hearing:

> We conclude, however, that *Williams*'s distinction between guilt and sentencing proceedings and its emphasis on the sentencing authority's access to a wide body of information in the interest of individualized punishment is relevant to our Confrontation Clause inquiry.  Included in the notion that information influencing a sentencing decision need not be introduced in open court is the idea that defendants have no confrontation right at that phase and therefore that testimonial hearsay is not *per se* inadmissible.  Indeed, the Court referred to the rights to confront and cross-examine as 'salutary and time-tested protections' included within the due process guarantee but available only 'where the question for consideration is the guilt of the defendant.' [*citing Williams*, 337 U.S. at 245.]
> 
> \* \* \*
> 
> More recently, in holding that *Crawford* does not apply at sentencing, the Seventh Circuit has stated that 'the relevant provision at sentencing is the Due Process Clause, not the confrontation clause; *Williams* shows that witnesses providing information to the court after guilt is established are not accusers within the meaning of the confrontation clause.'

*United States v. Fields*, 483 F.3d 313, 327-28 (5th Cir. Tex. 2007) (*citing United States v.*

*Roche,* 415 F.3d 614, 618 (7th Cir.), *cert. denied,* 546 U.S. 1024 (2005)).

Because the sentencing hearing in this case was identical to those conducted in

federal cases, we find such federal circuit authority to be instructive.[3]

### ANALYSIS

First, we disagree with the court of appeals that Appellant waived, forfeited, or

was estopped from asserting a Confrontation Clause objection.  Appellant's request for

probation and his reliance on the positive information in the report did not prevent him

from objecting to other parts of the PSI.  The issue in this case is whether the inclusion of

an unadjudicated offense in the PSI violated Appellant's Sixth Amendment right to

confrontation.

As noted in the cases cited above, the purpose of a report such as the PSI used here

is to provide a wide range of information to the trial court without an adversarial hearing.

The probation officer who prepares the report is neutral and the report is written in

anticipation of consideration by the trial judge for sentencing, not for prosecution.  The

PSI "is prepared by the community supervision and corrections department and is as

likely to contain information adverse to the punishment position of the state as of the

defense."  43 DIX AND DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE

---

[3]Our PSI statute is very similar to the Federal Rule of Criminal Procedure related to presentence investigations and presentence reports.  *See* FED. R. CRIM. P. 32.

sec. 38.167 (2d ed. 2001). By statute, the Legislature has directed what is to be included in a PSI, and the statute does not limit the criminal history to final convictions. The PSI statute also provides the defendant the opportunity to present contrary evidence.

We hold that when a PSI is used in a non-capital case in which the defendant has elected to have the judge determine sentencing, *Crawford* does not apply. For us to conclude in Appellant's favor would require a trial judge to hold a mini-trial for sentencing and would thwart the purpose of the PSI as a tool for the court to use in determining punishment. This holding is limited to a sentencing hearing in which the judge assesses punishment. We need not address here whether *Crawford* applies when a jury determines the sentence in a non-capital case.

## CONCLUSION

We agree with the judgment, but not the reasoning, of the court of appeals. When the sentence is determined by the judge, the information in a PSI is not subject to the Confrontation Clause. Therefore, Appellant's Sixth Amendment rights were not violated by the inclusion of unadjudicated-offense information in the report. The court of appeals is affirmed.

Meyers, J.

Delivered: April 14, 2010
Publish