Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00363-CR

Alonzo **COLLINS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B09-416
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  February 16, 2011

AFFIRMED

Appellant Alonzo Collins appeals the trial court's judgment sentencing him to eight years

imprisonment for failing to register as a sex offender.   Collins raises three issues: (1) his

confrontation rights were violated by the admission of a pre-sentence investigation report (PSI);

(2) the trial court improperly took judicial notice of the PSI; and (3) the trial court erred in

admitting a penitentiary packet that was not properly authenticated by an original affidavit.  We

affirm the trial court's judgment.

## BACKGROUND

Collins was charged for failing to register as a sex offender and pled guilty to the offense. At the sentencing hearing, the trial court took judicial notice of a PSI that contained a record of Collins's criminal history, including seventeen arrests and five prison sentences. The trial court also admitted into evidence a penitentiary packet, which included judgments relating to Collins's prior offenses. The trial court sentenced Collins to eight years in prison.

## RIGHT OF CONFRONTATION

Under the Sixth Amendment to the U.S. Constitution and Section 10 of the Texas Constitution, a criminal defendant has the right to confront witnesses that testify against him. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. Under *Crawford v. Washington*, 541 U.S. 36 (2004), a criminal defendant's right of confrontation precludes the admission of testimonial hearsay against a defendant, unless the declarant is not available to testify and the defendant had a prior opportunity to cross-examine the declarant. *Id.* at 68–69. However, "when a PSI is used in a non-capital case in which the defendant has elected to have the judge determine sentencing, *Crawford* does not apply." *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010). Acknowledging that *Stringer* applies to this case,[1] Collins "respectfully argue[s] the decision is flawed." Because we have no authority to overrule the Court of Criminal Appeals, we overrule this issue. *See State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971) (internal quotation and citation omitted).

## JUDICIAL NOTICE

The State contends that Collins did not properly preserve error regarding the trial court's judicial notice of the PSI because Collins's argument on appeal does not comport with his trial

---

[1] The failure to register as a sex offender is not a capital offense, *see* TEX. CODE CRIM. PROC. art. 62.102 (West 2006), and the record indicates that the trial judge determined Collins's sentencing.

objection. To raise an issue on appeal, the argument on appeal must comport with the objection made at trial, and the appellant may not argue different grounds for his complaint. *See* TEX. R. APP. PROC. 33.1(a); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Otherwise the error has not been preserved, and the issue has been waived. *See Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

In his brief, Collins argues that the trial court improperly took judicial notice of the PSI because the PSI contained factual allegations that were subject to dispute. At trial, counsel for Collins objected to the trial court's taking judicial notice of the PSI because, as he stated, "I don't think the Court can take judicial notice of something that's not in the [case] file, Judge." He further explained his objection, "But I would say that if the PSI is going to be an exhibit, then it should be in front of the Court, because I don't think the Court can take judicial notice of something it doesn't have." He also stated, "If the Court has it, then that's a different matter. It's part of the Court's file." Because Collins's argument on appeal that judicial notice was improper because the facts contained in the PSI were mere allegations and were subject to reasonable disagreement does not comport with his trial objection that the trial court cannot take judicial notice of documents that are not in the case file, Collins's second issue has been waived. *See* TEX. R. APP. PROC. 33.1(a); *Ibarra*, 11 S.W.3d at 197; *Rezac*, 782 S.W.2d at 870.

### PENITENTIARY PACKET

Collins's third issue is that the trial court erred in admitting the penitentiary packet because the affidavit certifying the evidence was not an original. Collins argues that the State conceded at the sentencing hearing that the affidavit was not the original, and, thus, the penitentiary packet was not properly self-authenticated and therefore not admissible.

Evidence must be authenticated or identified as a condition precedent to its admissibility. TEX. R. EVID. 901(a). Evidence may be authenticated either through self-authentication or through extrinsic evidence. *See* TEX. R. EVID. 901(a), 902. A duplicate is admissible to the same extent as an original, "unless (1) a question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." TEX. R. EVID. 1003. Though Collins argues that the affidavit is not an original, he provides no reason why the copy of the affidavit is defective or not authentic. Collins also does not argue that the circumstances make it unfair to admit the duplicate affidavit in lieu of the original. Accordingly, the penitentiary packet was admissible, and Collins's final issue is thus overruled.

## CONCLUSION

We affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH