Opinion issued October 13, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00389-CR &
01-10-00390-CR

———————————

cristian orellana, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 177th District Court

Harris County, Texas



Trial Court Case Nos. 1195734 & 1195735

 



 

MEMORANDUM OPINION

Appellant, Cristian
Orellana, pleaded guilty to the offenses of aggravated robbery[1] and injury to a child,[2] and the trial court assessed
his punishment at confinement for life for both offenses.  In his sole point of error, appellant contends
that article 42.12, section 9 of the Texas Code of Criminal Procedure[3] is facially
unconstitutional.   

We affirm.

Background

          Appellant
pleaded guilty to the offenses of aggravated robbery and injury to a child, and
the trial court reset the case for a presentence investigation (“PSI”) hearing
to assess punishment.  The trial court subsequently
found appellant guilty, and commenced the PSI hearing.  During the PSI hearing, the State introduced
the PSI report into evidence.  Appellant
stated that he had no objections to the introduction of this report.  After the PSI hearing, the trial court
sentenced appellant to life in prison for both offenses.  

Waiver

In his sole point of error,
appellant argues that article 42.12, section 9 of the Texas Code of Criminal
Procedure is facially unconstitutional because it permits the use of
testimonial statements in a presentence investigation report (“PSI”) against an
accused in violation of the Sixth Amendment’s Confrontation Clause.[4]  

The Texas Court of Criminal Appeals
has held that an appellant may not raise for the first time on appeal a facial
challenge to the constitutionality of a statute.  Karenev
v. State, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).  In so holding, the court explained that statutes
are presumed to be constitutional until it is determined otherwise and “[t]he State
and the trial court should not be required to anticipate that a statute may
later be held to be unconstitutional.”  Id. 
Here, appellant concedes that he did not assert in the trial court his
facial constitutional challenge to article 42.12, section 9.  All of the cases that appellant cites in
support of his attempt to raise his challenge for the first time on appeal
precede Karenev.  Accordingly, we hold that appellant has
waived his challenge.  Id.; see
also Reyna v. State, 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005) (holding
that defendant did not preserve Confrontation Clause objection by failing to
clearly articulate objection in trial court).

We overrule appellant’s sole point
of error.[5]

Conclusion

          We
affirm the judgment of the trial court.

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §§ 29.02,
29.03 (Vernon 2011).  Trial court cause
number 1195734; appellate cause number 01-10-00389-CR.

 





[2]           See
id. § 22.04(a) (Vernon 2011).  Trial
court cause number 1195735; appellate cause number 01-10-00390-CR.

 





[3]           Tex.
Code Crim. Proc. Ann. art. 42.12, § 9 (Vernon Supp. 2011).

 





[4]           U.S.
Const. amend. VI.

 





[5]
          Moreover, we note that even if
we were to consider the merits of appellant’s point, the Texas Court of
Criminal Appeals has held that when a PSI is used in a non-capital case in
which the defendant has elected to have the trial court determine sentencing, there
is no violation of a defendant’s Sixth Amendment rights to confrontation.  Stringer
v. State, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010) (citing Crawford v. Washington, 541 U.S. 36, 124
S. Ct. 1354 (2004)).