In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00081-CR

                                                ______________________________

 

 

                             MARCILINE JOSEPH ELLISON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 354th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 26121

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            After
pleading guilty, Marciline Joseph Ellison was convicted of possession of a
prohibited weapon in a school zone, a second degree felony.  He was sentenced to four years’ imprisonment
in the Texas Department of Criminal Justice—Institutional Division.  Ellison appeals his conviction arguing that
the trial court erred by admitting a transcript during the sentencing hearing
that was made a part of the presentence investigation (PSI) report  of telephone conversations in which Ellison
was a party and that such admission was a violation of due process.  Because admission of the transcript was not
an abuse of discretion and because Ellison failed to preserve his due process
complaint, we affirm the trial court’s judgment. 

I.         Admission of Transcript Was Not an Abuse
of Discretion 

 

            The PSI report
contained the following statement from “Supervision Officer”/”Court Officer”
Christina Gatson: 

Also
included in the DA file were phone conversations recorded while Mr. Ellison was
incarcerated in the Collin County Jail. 
I could not listen to those CDs due to computer issues but there is a
written transcript in the file of those calls. 
Mr. Ellison was on work release while in Collin County and he asks
people to lie about having a job and hours and days he works because he does
not want to stay in jail.  He threatens
to kill his current girlfriend.  He also
states Kelly Bean is lucky to be alive and he could still hire a hit man.  Mr. Ellison also asks someone to get rid of
incriminating paperwork he has in his truck.  In another call Mr. Ellison states he needs to
get out of jail because if he goes to Hunt County he will go away for a long
time and, worst case scenario, Mexico is very nice.

 

            During the
hearing, Ellison’s counsel made the following objection to the introduction of
the transcript in the PSI: “Judge, we have objections to certain portions of
it, specifically . . . we object to the attached documents including what
appears to be some kind of audio recordings. 
We’d object because—they’re—we have no—no way of knowing if they’re
accurate, they’re not the actual tapes.” 
The trial court overruled the objection. 
When Ellison was on the stand, the following exchange occurred:

            Q.        [State’s
Attorney]  Specifically I want you to
turn to the back of that [PSI] report. 
And in the back there is a transcript that I want to ask you about a few
of these phone calls and I want to ask you if you admit making these phone
calls or deny them?  Do you see where
that is in the report?

 

            [Defense Attorney]:    Judge, I’m going to object because the
transcript doesn’t identify anybody.  It’s
just words. 

 

            [State’s Attorney]:      Your Honor, you’ve already admitted
it.  You said it goes to the weight and
we’ll find out how much he remembers about the phone calls in just a
second.  

 

            THE
COURT: Objection’s overruled.  He can ask his questions if he is a party to
that tape. 

 

In his brief, Ellison argues:

 

The
transcript itself has no identifiers of who transcribed the phone calls, or who
the speaker is on each entry. 
Additionally, there is no indication that each entry is the entire
conversation or just part of it.  The
State does not provide testimony or other evidence proving the reliability or
accuracy of the transcript.  

 

Ellison’s trial objections only raise an issue of authentication
with the transcripts and do not challenge the summary included by Gatson in the
PSI. 

            Because
the admission of evidence is a matter within the discretion of the trial court,
the admission of evidence is reviewed for an abuse of discretion.  Salazar
v. State, 38 S.W.3d 141, 153 (Tex. Crim. App. 2001).  Article 37.07, Section 3(d) states:  

When
the judge assesses the punishment, he may order an investigative report as
contemplated in Section 9 of Article 42.12 of this code and after considering
the report, and after the hearing of the evidence hereinabove provided for, he
shall forthwith announce his decision in open court as to the punishment to be
assessed.

 

Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(d) (West Supp. 2010).  

 

            Article
42.12, Section 9 provides that

 

the
judge shall direct a supervision officer to report to the judge in writing on
the circumstances of the offense with which the defendant is charged . . . the
criminal and social history of the defendant, and any other information
relating to the defendant or the offense requested by the judge.  

 

Tex. Code Crim. Proc.
Ann. art. 42.12, § 9 (West Supp. 2010). 

 

            The
transcript was attached to the report of the supervision officer, who provided
a separate summary of the calls recited above which was not specifically
objected to.  Due to the language in the
Texas Code of Criminal Procedure referencing PSIs, Texas courts have held that
the Texas Rules of Evidence do not apply to the contents of a PSI, which often
contain information that would otherwise be inadmissible under the Texas Rules
of Evidence.  Stringer v. State, 309 S.W.3d 42, 46 (Tex. Crim. App. 2010) (citing
Fryer v. State, 68 S.W.3d 628, 631
(Tex. Crim. App. 2002)). The statute further authorizes a defendant to
introduce testimony or other information alleging a factual inaccuracy in the
report.  Tex. Code Crim. Proc. Ann. art 42.12, § 9(e).  Ellison denied making some of the statements,
stated that some were “out of context” and that some were merely sarcasm or
attempts at humor.  We cannot conclude the
trial court abused its discretion in admitting the transcript. 

            We overrule
this point of error.  

 

II.       Ellison Failed to Preserve Due Process
Complaint

 

            Ellison also complains,
in the same point of error, that admitting the transcript violated due process
because the transcript entries do “not support criminal responsibility for the
extraneous misconduct by Ellison to any level of confidence.  The trial court erred by considering criminal
responsibility for the extraneous conduct contained in the transcript attached
to the PSI.”  He relies on Smith v. State, 227 S.W.3d 753, 763
(Tex. Crim. App. 2007), in which the court held when referencing PSI
admissibility that a trial court is not prohibited 

as
a sentencing entity, from considering extraneous misconduct evidence in
assessing punishment just because the extraneous misconduct has not been shown
to have been committed by the defendant beyond a reasonable doubt, if that
extraneous misconduct is contained in a PSI.

 

But the court clarified:

 

We
think it obvious that it would violate due process for a trial court to
consider evidence of extraneous misconduct, even contained in a PSI, if there
was no evidence from any source from which it could be rationally inferred that
the defendant had any criminal responsibility for that extraneous misconduct.

 

Id. at 764.  Ellison did not
challenge at trial that the transcript contained extraneous misconduct
evidence.  The complaints were to the
accuracy of the transcript and that the transcript did not “identify anybody.”  Now, he complains that due process was
violated because there “was no evidence from any source from which it could be
rationally inferred that Ellison had any criminal responsibility for the
conduct in that transcript.”[1]  

            We find no
indication in the record that Ellison’s due process argument was presented to
the trial court.  Due process complaints
must be preserved for appeal.  Tex. R. App. P. 33.1(a); Shipp v. State, 292 S.W.3d 251, 261
(Tex. App.─Texarkana 2009, no pet.).  The objections asserted at trial
complained of the transcript’s authentication. 
Points of error on appeal must correspond or comport with objections and
arguments made at trial.  Wright v. State, 154 S.W.3d 235, 241
(Tex. App.—Texarkana 2005, pet. ref’d) (citing Dixon v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998)).  “Where a trial objection does not comport
with the issue raised on appeal, the appellant has preserved nothing for
review.”  Id.; see Tex. R. App. P. 33.1; Ibarra v. State, 11 S.W.3d 189, 197
(Tex. Crim. App. 1999).   

            Ellison’s
last point of error is overruled. 

 

III.      Conclusion 

 

            We
affirm the judgment of the trial court. 

 

 

 

 

                                                                                                Jack
Carter

                                                                                                Justice

 

Date Submitted:          October
28, 2011

Date Decided:             November
15, 2011

 

Do Not Publish

 

 

 

 











[1]Moreover,
Bean testified at the hearing that “the only thing [Ellison] would tell me on
the telephone was I’s [sic] never see my daughter again unless I learned to
mind.  He told me that he’d kill me, he
would kill himself, he would kill anybody involved to keep her away from me
because I didn’t learn to mind. . . . When he gets out he will kill me.”