

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00081-CR

_____

MARCILINE JOSEPH ELLISON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 26121

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After pleading guilty, Marciline Joseph Ellison was convicted of possession of a prohibited weapon in a school zone, a second degree felony. He was sentenced to four years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. Ellison appeals his conviction arguing that the trial court erred by admitting a transcript during the sentencing hearing that was made a part of the presentence investigation (PSI) report of telephone conversations in which Ellison was a party and that such admission was a violation of due process. Because admission of the transcript was not an abuse of discretion and because Ellison failed to preserve his due process complaint, we affirm the trial court's judgment.

## I. Admission of Transcript Was Not an Abuse of Discretion

The PSI report contained the following statement from "Supervision Officer"/"Court Officer" Christina Gatson:

> Also included in the DA file were phone conversations recorded while Mr. Ellison was incarcerated in the Collin County Jail. I could not listen to those CDs due to computer issues but there is a written transcript in the file of those calls. Mr. Ellison was on work release while in Collin County and he asks people to lie about having a job and hours and days he works because he does not want to stay in jail. He threatens to kill his current girlfriend. He also states Kelly Bean is lucky to be alive and he could still hire a hit man. Mr. Ellison also asks someone to get rid of incriminating paperwork he has in his truck. In another call Mr. Ellison states he needs to get out of jail because if he goes to Hunt County he will go away for a long time and, worst case scenario, Mexico is very nice.

During the hearing, Ellison's counsel made the following objection to the introduction of the transcript in the PSI: "Judge, we have objections to certain portions of it, specifically . . . we

2

object to the attached documents including what appears to be some kind of audio recordings. We'd object because—they're—we have no—no way of knowing if they're accurate, they're not the actual tapes." The trial court overruled the objection. When Ellison was on the stand, the following exchange occurred:

> Q. [State's Attorney] Specifically I want you to turn to the back of that [PSI] report. And in the back there is a transcript that I want to ask you about a few of these phone calls and I want to ask you if you admit making these phone calls or deny them? Do you see where that is in the report?
>
> [Defense Attorney]: Judge, I'm going to object because the transcript doesn't identify anybody. It's just words.
>
> [State's Attorney]: Your Honor, you've already admitted it. You said it goes to the weight and we'll find out how much he remembers about the phone calls in just a second.
>
> THE COURT: Objection's overruled. He can ask his questions if he is a party to that tape.

In his brief, Ellison argues:

> The transcript itself has no identifiers of who transcribed the phone calls, or who the speaker is on each entry. Additionally, there is no indication that each entry is the entire conversation or just part of it. The State does not provide testimony or other evidence proving the reliability or accuracy of the transcript.

Ellison's trial objections only raise an issue of authentication with the transcripts and do not challenge the summary included by Gatson in the PSI.

Because the admission of evidence is a matter within the discretion of the trial court, the admission of evidence is reviewed for an abuse of discretion. *Salazar v. State*, 38 S.W.3d 141,

3

153 (Tex. Crim. App. 2001). Article 37.07, Section 3(d) states:

> When the judge assesses the punishment, he may order an investigative report as contemplated in Section 9 of Article 42.12 of this code and after considering the report, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(d) (West Supp. 2010).

> Article 42.12, Section 9 provides that

> the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged . . . the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 9 (West Supp. 2010).

The transcript was attached to the report of the supervision officer, who provided a separate summary of the calls recited above which was not specifically objected to. Due to the language in the Texas Code of Criminal Procedure referencing PSIs, Texas courts have held that the Texas Rules of Evidence do not apply to the contents of a PSI, which often contain information that would otherwise be inadmissible under the Texas Rules of Evidence. *Stringer v. State*, 309 S.W.3d 42, 46 (Tex. Crim. App. 2010) (citing *Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002)). The statute further authorizes a defendant to introduce testimony or other information alleging a factual inaccuracy in the report. TEX. CODE CRIM. PROC. ANN. art 42.12, § 9(e). Ellison denied making some of the statements, stated that some were "out of context" and that some were merely sarcasm or attempts at humor. We cannot conclude the trial court abused its

discretion in admitting the transcript.

We overrule this point of error.

## II. Ellison Failed to Preserve Due Process Complaint

Ellison also complains, in the same point of error, that admitting the transcript violated due process because the transcript entries do "not support criminal responsibility for the extraneous misconduct by Ellison to any level of confidence. The trial court erred by considering criminal responsibility for the extraneous conduct contained in the transcript attached to the PSI." He relies on *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007), in which the court held when referencing PSI admissibility that a trial court is not prohibited

> as a sentencing entity, from considering extraneous misconduct evidence in assessing punishment just because the extraneous misconduct has not been shown to have been committed by the defendant beyond a reasonable doubt, if that extraneous misconduct is contained in a PSI.

But the court clarified:

> We think it obvious that it would violate due process for a trial court to consider evidence of extraneous misconduct, even contained in a PSI, if there was no evidence from any source from which it could be rationally inferred that the defendant had any criminal responsibility for that extraneous misconduct.

*Id.* at 764. Ellison did not challenge at trial that the transcript contained extraneous misconduct evidence. The complaints were to the accuracy of the transcript and that the transcript did not "identify anybody." Now, he complains that due process was violated because there "was no

5

evidence from any source from which it could be rationally inferred that Ellison had any criminal responsibility for the conduct in that transcript."[1]

We find no indication in the record that Ellison's due process argument was presented to the trial court. Due process complaints must be preserved for appeal. TEX. R. APP. P. 33.1(a); *Shipp v. State*, 292 S.W.3d 251, 261 (Tex. App.—Texarkana 2009, no pet.). The objections asserted at trial complained of the transcript's authentication. Points of error on appeal must correspond or comport with objections and arguments made at trial. *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998)). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Id.*; *see* TEX. R. APP. P. 33.1; *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

Ellison's last point of error is overruled.

---

[1]Moreover, Bean testified at the hearing that "the only thing [Ellison] would tell me on the telephone was I's [sic] never see my daughter again unless I learned to mind. He told me that he'd kill me, he would kill himself, he would kill anybody involved to keep her away from me because I didn't learn to mind. . . . When he gets out he will kill me."

## III.   Conclusion

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     October 28, 2011
Date Decided:       November 15, 2011

Do Not Publish