## In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-13-00328-CR
### NO. 09-13-00329-CR

_____

### CARLOS HERNANDEZ CAMACHO
### A/K/A EDGARDO ALVARADO-CAMACHO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 258th District Court**
**San Jacinto County, Texas**
**Trial Cause Nos. 11031, 11032**

### MEMORANDUM OPINION

In these appeals, Carlos Hernandez Camacho[1] complains the trial court, during his punishment hearing, erred by considering a presentence investigation report that included "entries alleging an arrest [in 1996] for driving while intoxicated, and an arrest [in 2000] for criminal trespass[.]" According to

---

[1]The record reflects that Camacho is also known as Edgardo Alvarado-Camacho.

1

Camacho, the report did not show that he had been convicted of the 1996 and 2000 offenses. Based on the State's lack of proof that he had committed these two offenses beyond a reasonable doubt, Camacho argues the trial court erred by considering the information regarding these arrests at his sentencing hearing. At the conclusion of the sentencing hearing, the trial court sentenced Camacho to a twenty-year sentence on both the aggravated assault case, trial cause number 11031, and on the manslaughter case, trial cause number 11032. Because the trial court did not abuse its discretion by considering the arrests at issue, we affirm the trial court's judgments.

Background

Camacho pled guilty to an information charging him with aggravated assault causing serious bodily injury and an information charging him with manslaughter. *See* Tex. Penal Code Ann. §§ 19.04, 22.02 (West 2011). Camacho's plea in each case subjected him to a potential sentence on each case of not more than twenty years in prison. *See id.* § 12.33(a) (West 2011). After the trial court found Camacho guilty, it scheduled a sentencing hearing and requested that the State conduct a presentence investigation. *See* Tex. Code Crim. Proc. Ann. arts. 37.07 § 3(d), 42.12 § 9(a) (West Supp. 2014).

During the sentencing hearing, Camacho objected to the trial court considering the information in the report regarding his 1996 and 2000 arrests. The court overruled Camacho's objections and considered the report, which indicates that no records were located showing how Camacho's 1996 and 2000 arrests were resolved. According to Camacho, these two arrests should not have been considered by the trial court during the sentencing hearing because the evidence was not sufficient to allow the trial court to conclude, beyond a reasonable doubt, that Camacho had actually committed these offenses.

Trial courts are authorized to obtain a presentence investigation before sentencing a defendant in a felony case. *See id.* art. 37.07 § 3(d). The trial court is statutorily authorized to then consider the presentence report during the sentencing hearing. *Id.* "By statute, the Legislature has directed what is to be included in a PSI, and the statute does not limit the criminal history to final convictions." *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010). The trial court shall allow the defendant to review and comment on the report, and, with leave of the court, proffer evidence as to any factual inaccuracies in the report. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 9(d), (e) (West Supp. 2014); *Stringer*, 309 S.W.3d at 48 ("The PSI statute also provides the defendant the opportunity to present contrary evidence.").

In *Smith v. State*, the Court of Criminal Appeals held that a trial court may consider evidence of extraneous misconduct in assessing punishment when that information is included in a presentence investigation, even where the defendant was not shown beyond reasonable doubt to have actually committed the misconduct. 227 S.W.3d 753, 763 (Tex. Crim. App. 2007). Based on the holding in *Smith*, we hold that the trial court did not abuse its discretion by considering the information concerning Camacho's arrests. *See id.* We overrule the sole issue raised by Camacho in his appeals.

Nevertheless, the judgment in cause number 11031, Camacho's aggravated assault case, contains a clerical error. The judgment the trial court rendered in this case refers to section 19.04 of the Penal Code, a statute that makes it a crime to commit manslaughter. *See* Tex. Penal Code Ann. § 19.04. But, in cause number 11031, Camacho pled guilty and was convicted of aggravated assault, a conviction based on section 22.02 of the Penal Code. *See id.* § 22.02.

An appeals court may modify a judgment to correct clerical errors. *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). We correct the clerical error in the judgment in cause number 11031 by replacing the reference in the judgment to section 19.04 of the Penal Code with a reference to section 22.02 of the Penal

Code. Therefore, the trial court's judgment in cause number 11031 is affirmed as modified. The trial court's judgment in cause number 11032 is affirmed.

AFFIRMED AS MODIFIED; AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on May 21, 2014
Opinion Delivered September 10, 2014
Do Not Publish

Before McKeithen, C.J., Kreger, and Horton, JJ.