

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00332-CR

LEE CHARLES JONES            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1505016R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Lee Charles Jones appeals from his conviction and twenty-five-year sentence for aggravated assault with a deadly weapon on his open plea of guilt. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011). In a single point, Jones argues his right to confront witnesses was violated when the trial court

---

[1]*See* Tex. R. App. P. 47.4.

considered a presentence investigation report (PSI) at his trial on punishment. We will affirm.

## Background

A grand jury re-indicted Jones for aggravated assault with a deadly weapon.[2]   Jones entered an open plea of guilt.   The trial court deferred sentencing pending preparation of a PSI.

At the punishment hearing, when the State offered the completed PSI into evidence, Jones's counsel said, "No objection."  At the conclusion of the hearing, the trial court assessed punishment at twenty-five years' imprisonment.

## Analysis

Jones argues that his right to confront the witnesses against him was violated when the court considered the PSI at the punishment hearing.  *See* U.S. Const. amend. VI.[3]  The State argues that Jones has failed to preserve this issue for our review.  *See Reyna v. State,* 168 S.W.3d 173, 179–80 (Tex. Crim. App. 2005) (holding that defendant forfeited Confrontation Clause objection by failing

---

[2]The indictment, which was a re-indictment of cause number 1459515D, included as count one the offense of murder and three additional counts of aggravated assault with a deadly weapon, as well as a count charging felon in possession of a firearm.

[3]Jones concedes that "current Texas law is adverse to Appellant's argument on this point."  *See, e.g., Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010) (holding the right to confront witnesses does not apply when a PSI is used in a non-capital case in which the defendant has elected to have the trial court assess punishment); *Sell v. State*, 488 S.W.3d 397, 398 (Tex. App.—Fort Worth 2016, pet. ref'd) (same).

to clearly articulate objection in trial court). But Jones contends that his failure to object to the PSI did not forfeit review because "under circumstances where the law is well-settled to the point where any objection in the trial court would be futile, the claim will not be forfeited for later review," citing *Ex parte Hathorn*, 296 S.W.3d 570, 572 (Tex. Crim. App. 2009).

We rejected the identical no-objection-required argument in *Sell*. *See* 488 S.W.3d at 398–99. There, Sell entered an open plea of guilty to the offense of aggravated assault. *Id.* at 398. At the punishment hearing, when the State offered a PSI, Sell affirmatively stated that he had no objection. *Id.* at 399. We held that Sell failed to preserve his Confrontation Clause argument for our review. *Id.*

This case is indistinguishable from *Sell*. For the reasons articulated in that opinion, we hold that Jones failed to preserve complaint for our review. *See id.*; *see also Lewis v. State*, Nos. 02-18-00149-CR, 02-18-00150-CR, 2018 WL 2248501, at *1 (Tex. App.—Fort Worth May 17, 2018, no pet. h.) (mem. op., not designated for publication). We overrule Jones's sole point.[4]

---

[4]In *Sell*, we noted that even assuming Sell had not forfeited his Confrontation Clause complaint, "the court of criminal appeals has held that when a PSI is used in a non-capital case in which the defendant has elected to have the trial court determine sentencing, there is no violation of a defendant's Sixth Amendment right to confrontation." *Id.* (citing *Stringer,* 309 S.W.3d at 48). "That is precisely what occurred in this case, and we are bound by the court of criminal appeals's holdings." *Id.* (citing *Wiley v. State,* 112 S.W.3d 173, 175 (Tex. App. —Fort Worth 2003, pet. ref'd)).

## Conclusion

Having overruled Jones's sole point, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 14, 2018