

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00215-CR

JESUS FAVILA                                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                                   STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1483077R

----------

### MEMORANDUM OPINION[1]

----------

In two points, Appellant Jesus Favila appeals his conviction for continuous sexual abuse of a child.  *See* Tex. Penal Code Ann. § 21.02 (West Supp. 2017). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background**

On January 17, 2017, Appellant entered an open guilty plea to the offense of continuous sexual abuse of a child. *See id.* The trial court accepted the plea and recessed the case pending the preparation of a presentence investigation report (PSI).

On July 6, 2017, the trial court held a sentencing hearing. At the opening of the hearing, the State presented the PSI and asked the trial court to take judicial notice of its contents. When the trial court asked if Appellant had any objection, Appellant's counsel responded, "No, Your Honor," and offered an exhibit intended as a supplement to the PSI which contained Appellant's notes and corrections to the report. The State voiced no objection to Appellant's exhibit, and both the exhibit and the PSI were admitted into evidence for the trial court's consideration.

The State relied solely on the PSI's contents and did not call any witnesses during the punishment phase. Appellant called his mother and sister as witnesses and submitted the report from Appellant's psychological evaluation.

The trial court sentenced Appellant to 45 years' confinement. This appeal followed.

**Discussion**

Appellant brings two points on appeal. In his first, Appellant argues that the trial court's consideration of the PSI violated his right to confrontation. In his

second, he argues that the "Child Abuse Prevention Fee" assessed as a court cost is unconstitutional.

## I. Consideration of the PSI

Appellant argues in his first point that the trial court's consideration of the PSI violated his right to confront the witnesses against him. We overrule Appellant's first point because he failed to properly preserve it, but we also note that even if it was preserved, the court of criminal appeals has held that the consideration of a PSI does not violate a defendant's Confrontation Clause rights.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1461 (2016). When the State presented the PSI to the trial court and requested that the trial court take judicial notice of it, Appellant's counsel not only stated that he had no objection to the trial court's consideration of the PSI but also offered his own supplement to the report as an exhibit. By agreeing to the trial court's consideration of the PSI, Appellant forfeited any argument against its consideration on appeal. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (holding "affirmative acceptance" of evidence forfeited any error in its admission), *cert. denied*, 549 U.S. 861 (2006).

In any event, even if we were to consider Appellant's argument, the court of criminal appeals has held that a trial court's consideration of a PSI does not violate a defendant's Confrontation Clause rights. *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010); *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007). The court based its holding, at least in part, by considering the neutral, nonadversarial source of the report and its contents:

> [T]he purpose of a report such as the PSI used here is to provide a wide range of information to the trial court without an adversarial hearing. The probation officer who prepares the report is neutral and the report is written in anticipation of consideration by the trial judge for sentencing, not for prosecution. The PSI "is prepared by the community supervision and corrections department and is as likely to contain information adverse to the punishment position of the state as of the defense." . . . The PSI statute also provides the defendant the opportunity to present contrary evidence.

*Stringer*, 309 S.W.3d at 48.

We are bound by the decisions of the court of criminal appeals. *See Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd) (citing *State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971), *cert. denied*, 404 U.S. 910 (1971)). We therefore overrule Appellant's first point.

## II. Child abuse prevention fee

In his second point, Appellant challenges the $100 child abuse prevention fee assessed as part of his court costs. *See* Tex. Code Crim. Proc. Ann. art. 102.0186 (West 2018). Appellant argues that the fee is unconstitutional because it violates the separation of powers clause of the Texas constitution. *See* Tex. Const. art. II, §1. We rejected the same argument in *Ingram v. State*, 503

4

S.W.3d 745, 749 (Tex. App.—Fort Worth 2016, pet. ref'd) ("Because the imposition of this cost is limited to those defendants found guilty of crimes against children, the $100 imposed to be deposited in 'the county child abuse prevention fund' is related to the administration of the criminal justice system such that this cost is not facially unconstitutional."). Appellant has given us no reason to reconsider our prior ruling, and we decline his invitation to do so.[2] We therefore overrule Appellant's second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 12, 2018

---

[2]In fact, Appellant candidly concedes in his brief that both of his arguments have been resolved against his position by the court of criminal appeals and this court but explains that the arguments are presented to preserve them for further review.