**Opinion filed July 27, 2023**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00144-CR & 11-22-00145-CR

_____

## JAMES SCOTT PFEFFER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause Nos. 13790 & 13792**

### M E M O R A N D U M   O P I N I O N

Appellant, James Scott Pfeffer, entered open pleas of guilty to the second-degree felony offenses of indecency with a child by contact (trial court cause no. 13790) and sexual assault of a child (trial court cause no. 13792). *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), 22.011(a)(2)(A) (West 2019 & Supp. 2022). The trial court accepted Appellant's pleas, found Appellant guilty of both offenses and, upon Appellant's election, assessed his punishment for each offense at imprisonment

for twenty years in the Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine. The trial court also ordered that Appellant's sentences be served consecutively.

In his sole issue in each appeal, Appellant contends that the trial court erred when, before assessing Appellant's punishment, it reviewed and considered inadmissible evidence that was included in the presentence investigation report (PSI). We affirm.

## I. *Factual and Procedural Background*

Appellant was indicted for the offenses of indecency with a child by sexual contact, a second-degree felony, child endangerment, a state jail felony, and sexual assault of a child, a second-degree felony. PENAL §§ 21.11(a)(1), 22.011(a)(2)(A), 22.041. Pursuant to the parties' agreement, Appellant entered open pleas of guilty to the offenses of indecency with a child by contact and sexual assault of a child. In exchange for Appellant's pleas, the State agreed to dismiss the child endangerment charge and to not file human trafficking charges against Appellant. Appellant requested that the trial court defer a finding of guilt until the punishment hearing; the trial court agreed and ordered a PSI.

At the punishment hearing, the trial court presented the PSI to Appellant's trial counsel to review; trial counsel stated that the marital status as noted in the PSI was incorrect but made no other objections to the contents of the PSI before it was received by the trial court. The PSI contained, among other things, the police incident reports with attachments, investigative notes, and Appellant's criminal history.

After the punishment hearing, the trial court found Appellant guilty of the offenses of indecency with a child by contact and sexual assault of a child and assessed his punishment for each offense at imprisonment for twenty years in the

2

Institutional Division of the Texas Department of Criminal Justice and a $1,000 fine; the trial court also cumulated the sentences. PENAL § 3.03(b)(2)(A); TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West 2018).

## II. *PSI - Discussion*

### A. *Preservation of Complaint*

In his sole issue in each appeal, Appellant argues that the trial court committed harmful error when, before it assessed Appellant's punishment, it reviewed and considered the entire PSI because, according to Appellant, the PSI contained inadmissible hearsay; namely the "entire police incident report," investigative notes, investigative "material," and Appellant's criminal history. Although provided with the opportunity, Appellant acknowledges that his trial counsel did not object to the trial court reviewing or considering the PSI and its contents. Despite this, Appellant argues that no objection was necessary because the trial court's review and consideration of the PSI in this instance was plain error; therefore, he is entitled to a remand and a new punishment hearing. We disagree.

To preserve a complaint for appellate review, a party must present a specific, timely objection to the trial court that articulates the specific grounds for the ruling that the complaining party sought from the trial court. TEX. R. APP. P. 33.1(a)(1)(A); *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020); *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (citing *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring)). The purpose of requiring a specific objection "provide[s] the trial judge and opposing counsel an opportunity to address and, if necessary, correct the purported error." *Ford*, 305 S.W.3d at 533 (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)). As such, the arguments raised on appeal must comport with the objections made at trial or they

are waived. TEX. R. APP. P. 33.1 (a)(1)(A); *Dominguez v. State*, 474 S.W.3d 688, 699 (Tex. App.—Eastland 2013, no pet).

A party, however, is not required to preserve a complaint for appellate review concerning the violation of "[r]ights which are waivable only" or of "absolute systemic requirements and prohibitions." *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993); *see also Burg*, 592 S.W.3d at 449. A waivable-only right is one that the trial court has an independent duty to implement unless the record shows that it has been "'plainly, freely, and intelligently' waived at trial." *Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (quoting *Marin*, 851 S.W.2d at 280). The right to the assistance of counsel and the right to trial by jury are examples of waivable-only rights. *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). "[A]bsolute requirements and prohibitions," such as personal jurisdiction, subject-matter jurisdiction, and a penal statute's compliance with the Texas Constitution's separation-of-powers provision, are "systemic" and "essentially independent of the litigants' wishes." *Proenza*, 541 S.W.3d at 792 (quoting *Marin*, 851 S.W.2d at 279); *Saldano*, 70 S.W.3d at 888. Absolute requirements and prohibitions cannot be forfeited or waived. *Proenza*, 541 S.W.3d at 792; *Marin*, 851 S.W.2d at 279.

A complaint that the trial court, when determining punishment, relied on a PSI that contained inadmissible hearsay concerns neither an absolute requirement or prohibition nor a waivable-only right. *Herrera v. State*, 599 S.W.3d 64, 67 (Tex. App.—Dallas 2020, no pet.); *see also Reyes v. State*, 361 S.W.3d 222, 229–30 (Tex. App.—Fort Worth 2012, pet. ref'd). Therefore, Appellant was required to make a timely and specific objection to the trial court's review and consideration of the information in the PSI that Appellant now contends was inadmissible. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Herrera*, 599 S.W.3d at 67.

4

During the punishment hearing, Appellant's trial counsel advised the trial court that the PSI only contained an inaccuracy concerning Appellant's marital status. However, Appellant did not object or assert in the trial court that the PSI included, what he now contends on appeal is, inadmissible hearsay. In fact, when the trial court confirmed that there was a police offense report included in the PSI, Appellant's trial counsel stated, "I believe it probably is proper to include that, so we have no objection to it." Because Appellant did not object to the PSI in the trial court, he failed to preserve his complaint for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A).

B. *Trial Court's Consideration of the PSI*

Nevertheless, even if we assume that Appellant's complaint had been preserved for our review, the trial court did not err when it reviewed the PSI in its entirety. Unless certain exceptions control, none of which are applicable here, the trial court is required to direct a supervision officer to prepare a PSI in a felony case if the trial court is to determine the sentence to be imposed. CRIM. PROC. art. 42A.252(a), (c). The PSI includes "general punishment-phase" information and assists the trial court in its determination of the sentence to be assessed. *Stringer v. State*, 309 S.W.3d 42, 45 (Tex. Crim. App. 2010). The report's purpose is to "provide a wide range of information to the trial court without an adversarial hearing." *Id.* at 48. For example, the PSI must include, among other things, the circumstances of the charged offense, the defendant's criminal history, and any other pertinent information that relates to the defendant or the charged offense as requested by the judge. CRIM. PROC. art. 42A.253(a). Further, for purposes of determining an appropriate punishment, the trial court may consider any information that it deems to be relevant. *See* CRIM. PROC. art. 37.07(3)(a)(1) (West Supp. 2022).

A PSI may not be reviewed by the trial court, nor may its contents be disclosed to the attorneys, unless the defendant either pleads guilty or nolo contendere to the charged offense or is convicted of the offense, or the defendant authorizes in writing that the trial court may inspect the report. CRIM. PROC. art. 42A.254. This is because a PSI may contain hearsay, unverified information, and unsworn testimony that is not subject to cross-examination. *See State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 6 (Tex. Crim. App. 1983). Further, although "determinations of guilt" must be made, formal findings of guilt are not necessary before the trial court may review the report. *See Bryan*, 662 S.W.2d at 7; *Jenkins v. State*, No. 11-19-00272-CR, 2021 WL 3557566, at *3 (Tex. App.—Eastland Aug. 12, 2021, no pet.) (mem. op., not designated for publication).

Here, after Appellant pleaded guilty, the trial court requested that a PSI be prepared. The information in the PSI included a wide range of information that concerned, among other things, the circumstances of the charged offenses. Moreover, although the PSI contained information regarding the investigation of these offenses, it cannot be ascertained whether the trial court even considered the PSI when it imposed Appellant's sentences. In fact, the trial court stated that the sentences assessed were based on the evidence presented at the punishment hearing, which included Appellant's testimony. Immediately prior to pronouncing Appellant's sentences, the trial court stated:

> I can't help but be struck by your testimony, and if you're the lesser of two evils, then we should all be afraid of getting out on the street. The gall that you would show to come up and say that you're keeping her off the street, well, if that's true, it was for your own use and abuse to take her down that road.

In making its sentencing determination, the trial court does not err if it considers unobjected-to information that is included in a PSI. *See Kingston v. State*,

No. 11-21-00029-CR, 2022 WL 11415965, at \*2 (Tex. App.—Eastland Oct. 20, 2022, no pet.) (mem. op., not designated for publication); *Jenkins*, 2021 WL 3557566, at \*5; *Thacker v. State*, No. 11-18-00137-CR, 2020 WL 3127338, at \*4 (Tex. App.—Eastland June 11, 2020, no pet.) (mem. op., not designated for publication). Such is the case here. Accordingly, we overrule Appellant's sole issue in each appeal.

### III. *This Court's Ruling*

We affirm the judgments of the trial court.


W. STACY TROTTER
JUSTICE


July 27, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

7