**Thomas Craig SELL, Appellant**

v.

**The STATE of Texas, State**

**NO. 02–15–00199–CR**

Court of Appeals of Texas,
Fort Worth.

DELIVERED: March 24, 2016

---

Kimberley S. Campbell, Factor, Campbell & Collins, Fort Worth, for Appellant.

Sharen Wilson, Criminal District Attorney; Debra Windsor, Chief of Post-Conviction; Andy Porter, William Vassar, Julie Harbin, Assistant Criminal District Attorneys for Tarrant County, Fort Worth, for State.

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

## OPINION

BILL MEIER, JUSTICE

### I. INTRODUCTION

Appellant Thomas Craig Sell entered an open plea of guilty to the offense of aggravated assault with a deadly weapon, and the trial court ultimately assessed his punishment at fifteen years' confinement. In his sole point, Sell contends that his right to confront his accusers was violated when the trial court considered a presentence investigation report (PSI) in assessing punishment. We will affirm.

### II. BACKGROUND

After entering his guilty plea, the trial court delayed assessing punishment and ordered a PSI. Later, the trial court held a punishment hearing. During the hearing, the State introduced the PSI report into evidence. Sell stated that he had no objections to the introduction of this report. After considering the PSI and the testimony of several witnesses, the trial court assessed punishment and entered judgment accordingly. This appeal followed.

### III. DISCUSSION

In his sole point of error, Sell argues that his right to confront the witnesses against him was violated when the trial court considered the PSI at punishment. See U.S. Const. amend. VI. The State argues that Sell has failed to preserve this issue for our review. See Reyna v. State, 168 S.W.3d 173, 179–80 (Tex.Crim.App. 2005) (holding that defendant did not preserve Confrontation Clause objection by failing to clearly articulate objection in trial court).

Sell acknowledges that the court of criminal appeals has held that when a PSI is used in a non-capital case in which the defendant has elected to have the trial court determine sentencing, there is no violation of a defendant's Sixth Amendment right to confrontation. See Stringer v. State, 309 S.W.3d 42, 48 (Tex.Crim.App. 2010) (citing Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)).

Sell argues, however, that because of this "well-settled" proposition of law, it was not incumbent upon him to object to the State's introduction of the PSI. See

*Ex parte Hathorn,* 296 S.W.3d 570, 572 (Tex.Crim.App.2009) (" 'Given the settled state of the case law at the time of appellant's trial, we refuse to fault him or his attorney for failing to object. . . . Under the established precedent, the trial judge would have been correct in overruling the objection . . . .' ") (quoting *Black v. State,* 816 S.W.2d 350, 364 (Tex.Crim.App.1991); *see also Ex parte Turner,* 542 S.W.2d 187, 189 (Tex.Crim.App.1976) (holding that "[i]t would be unreasonable to expect the petitioner to anticipate the future decision of the United States Supreme Court" and that there was no intentional waiver for failing "to object upon a ground not yet established as a defect of constitutional magnitude.") (quoting *Ex parte Casarez,* 508 S.W.2d 620, 622 (Tex.Crim.App.1974)).

■ Sell's reliance on these cases is dubious, and the preservation issues involved in the cases cited are distinct from what is at issue in this case. First, Sell cites no authority indicating that the United States Supreme Court has altered the landscape regarding the Sixth Amendment right to confrontation when the trial court's review of a PSI is at issue. *See Stringer,* 309 S.W.3d at 48 (acknowledging that federal circuit courts do not apply *Crawford* to a sentencing hearing). Second, the court of criminal appeals stated that the preservation of the issue involved in *Hathorn* was a "particular circumstance[ ]" in which it had previously held that no objection was necessary—Sell does not point to any authority indicating that such an exception to the preservation rules applies in this case. *See Hathorn,* 296 S.W.3d at 572. And finally, Sell affirmatively stated that he had no objection when the State sought to admit the PSI. *See Swain v. State,* 181 S.W.3d 359, 368 (Tex.Crim.App.2005) (discussing the "affirmative acceptance" rule of error preservation). We conclude that Sell has failed to preserve this issue for our review.

■ But even assuming that Sell had not forfeited his confrontation clause complaint, Sell acknowledges that the court of criminal appeals has held that when a PSI is used in a non-capital case in which the defendant has elected to have the trial court determine sentencing, there is no violation of a defendant's Sixth Amendment right to confrontation. *See Stringer,* 309 S.W.3d at 48. That is precisely what occurred in this case, and we are bound by the court of criminal appeals's holdings. *See Wiley v. State,* 112 S.W.3d 173, 175 (Tex.App.–Fort Worth 2003, pet. ref'd) ("[W]e are bound to follow the pronouncements of the court of criminal appeals."). We overrule Sell's sole point.

## IV. Conclusion

Having overruled Sell's sole point on appeal, we affirm the trial court's judgment.

DAUPHINOT, J., filed a concurring and dissenting opinion.

LEE ANN DAUPHINOT, Justice, concurring/dissenting.

The Texas Court of Criminal Appeals, relying on statements by the Supreme Court of the United States, has held that the PSI statute trumps both the Texas Constitution and the Constitution of the United States:

The plain language of Section 3(d), on its face, continues to place no condition on the trial court in considering the contents of a PSI. . . . We therefore hold that Section 3(a)(1) of Article 37.07 does not prohibit a trial court, as a sentencing entity, from considering extraneous misconduct evidence in assessing punishment just because the extraneous misconduct has not been shown to

have been committed by the defendant beyond a reasonable doubt, if that extraneous misconduct is contained in a PSI.[1]

The *Stringer* court also acknowledged that it had held in *Fryer v. State*[2] that the PSI likewise trumps the rules of evidence by concluding that the PSI could include the complainant's opinion regarding whether the defendant should receive a probated sentence.[3] And what is the justification employed by both the Supreme Court and the Texas Court of Criminal Appeals? They claim that it is inefficient to force witnesses to be brought to court for confrontation and cross-examination. The *Stringer* court quoted the Supreme Court's rationalizing language from *Williams v. New York:*

> We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life. The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination. Such a procedure could endlessly delay criminal administration in a retrial of collateral issues.[4]

But it must be noted that the *Williams* court dealt with a criminal case out of the State of New York. In New York, the judge always determines the sentence.[5] The *Williams* court cited the very careful procedures created in the New York probation department involving officers who are trained only to help defendants and in no way to assist in their prosecution.[6] The New York probation reports provide information beneficial to the defendant, as well as information of misconduct. So carefully have these procedures been developed over the many years they have been employed that the "reports have been given a high value by conscientious judges who want to sentence persons [based] on the best available information rather than on guesswork and inadequate information."[7]

I understand that the majority is governed by precedent of the Texas Court of Criminal Appeals. I would suggest that the New York system is tennis balls to our oranges. But I cannot agree that a statute can supplant a specific, unequivocal constitutional right essential to due process. Consequently, I am compelled to express my dissent.

In Texas, a trial judge determines the punishment of a defendant found guilty who has not previously timely elected to have his punishment determined by a jury.[8] When the State of Texas decided that a judge determining punishment can hear evidence of extraneous acts of misconduct and of unadjudicated offenses, the State of Texas validated accusations in the sentencing phase of the trial that go be-

---

1. *Stringer v. State*, 309 S.W.3d 42, 46 (Tex. Crim.App.2010) (quoting *Smith v. State*, 227 S.W.3d 753, 763 (Tex.Crim.App.2007) (internal quotation marks omitted)).

2. 68 S.W.3d 628, 633 (Tex.Crim.App.2002).

3. *Stringer*, 309 S.W.3d at 46 (citing *Fryer*, 68 S.W.3d at 631).

4. *Id.* at 47 (quoting *Williams v. New York*, 337 U.S. 241, 250, 69 S.Ct. 1079, 1084–85, 93

L.Ed. 1337 (1949) (internal quotation marks and footnote omitted)).

5. *See Williams*, 337 U.S. at 251, 69 S.Ct. at 1085.

6. *Id.* at 249, 69 S.Ct. at 1084.

7. *Id.*

8. *See* Tex.Code Crim. Proc. Ann. art. 37.07, § 2(b) (West Supp. 2015).

yond and are in addition to the accusations considered by the trier of fact in the guilt phase. PSIs contain third-hand gossip, speculation, suspicions, unproved statements of prior offenses, and punishment recommendations. Essentially, PSIs constitute an ex parte attempt to influence the decision of the trial judge. The PSI is considered by the trial judge as evidence with no sponsoring witness. It presents to the trial judge as fact, and there is no way to cross-examine the document.

The Confrontation Clause bars the admission of out-of-court testimonial statements of a witness unless (1) the witness is unavailable to testify and (2) the defendant had a prior opportunity to cross-examine the witness.[9] Post–*Crawford*, the threshold question in any Confrontation Clause analysis is whether the statements at issue are testimonial or nontestimonial in nature.[10] A statement is testimonial if it was "made under circumstances which would lead an objective witness reasonably to believe that [it] would be available for use at a later trial."[11]

A defendant in a criminal case has both a constitutional and a statutory right to confront and cross-examine the witnesses against him.[12] But the right to confront witnesses must be invoked by the defendant.[13]

Appellant had the right to confront the persons who accused him of misconduct.

But Appellant not only did not invoke the right or object to the denial of his right to confront the witness against him in the trial court; he affirmatively told the trial court that he had no objection to the trial court's considering the PSI. A defendant cannot affirmatively assure the trial court that he is willing for the trial court to consider the PSI in determining the appropriate punishment without confronting live witnesses but then complain on appeal that the trial court considered it without allowing confrontation.[14] That is, a defendant may not affirmatively waive his right to confrontation but then complain on appeal of the denial of confrontation.

For the reasons given above, I dissent from the majority's holding abrogating Appellant's right to confrontation, but I concur in the outcome because Appellant affirmatively represented to the trial court that he had no objection to the trial court's admitting the PSI with no sponsoring witnesses.

---

9. *Crawford v. Washington*, 541 U.S. 36, 53–54, 124 S.Ct. 1354, 1365, 158 L.Ed.2d 177 (2004); *Render v. State*, 347 S.W.3d 905, 917 (Tex.App.–Eastland 2011; pet. ref'd).

10. *Woods v. State*, 152 S.W.3d 105, 113 (Tex. Crim.App.2004), *cert. denied*, 544 U.S. 1050, 125 S.Ct. 2295, 161 L.Ed.2d 1092 (2005); *Render*, 347 S.W.3d at 917.

11. *Burch v. State*, 401 S.W.3d 634, 636 (Tex. Crim.App.2013) (quoting *Crawford*, 541 U.S. at 52, 124 S.Ct. at 1364 (internal quotation marks omitted)).

12. U.S. Const. amend. VI; Tex. Const. art. 1, § 10; Tex.Code of Crim. Proc. Ann. art. 1.25 (West 2005).

13. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App.2004).

14. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex.Crim.App.2005) (discussing the "affirmative acceptance" rule of error preservation).