

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00047-CR

BRIAN LEE ROGERS                                                            APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1377954D

----------

## MEMORANDUM OPINION[1]

----------

Upon Appellant Brian Lee Rogers's open plea of guilty, the trial court convicted him of aggravated sexual assault of a child under fourteen years of age and sentenced him to twenty-eight years' confinement.[2]  A day after sentencing,

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 12.32(a) (West 2011) (providing range of confinement for first-degree felony is life or 5–99 years),

the trial court signed the judgment, and court costs were assessed. Included in the total court costs of $639.00 were $250.00 related to DNA testing and $100 for the county child abuse prevention fund. In three points, Appellant challenges the facial constitutionality of the provisions of the code of criminal procedure authorizing the assessment of the DNA testing costs and the child abuse prevention costs and also contends that the trial court's consideration of the presentence investigation report (PSI) violated his right to confront witnesses against him. Because we follow the Texas Court of Criminal Appeals in rejecting Appellant's grounds for holding the cost statutes facially unconstitutional and because he affirmatively stated that he had no objection to the admission of the PSI, we affirm the trial court's judgment.

**Facial Constitutionality of Statutes Authorizing Costs**

The State contends that Appellant did not preserve his complaints challenging the facial constitutionality of the statutes authorizing the imposition of the respective costs; however, in light of recent cases of the Texas Court of Criminal Appeals stating that an appellant can raise complaints about costs for the first time on appeal when they are not imposed in open court, including complaints about the constitutionality of the statutes authorizing those costs, we

---

§ 22.021(a)(1)(B), (2)(B), (e) (West Supp. 2016) (providing that aggravated sexual assault of a child under fourteen years of age is a first-degree felony).

shall address Appellant's two points challenging the facial constitutionality of the statutes authorizing the costs.[3]

In his first point, Appellant contends that article 102.020(a)(1) of the code of criminal procedure, which authorized $250 in costs related to DNA testing assessed against him,[4] is facially unconstitutional. As Appellant recognizes, the Texas Court of Criminal Appeals has already expressly rejected the "necessary or incidental" standard upon which his argument is based and has directly upheld the constitutionality of that very statute.[5] We are bound by the precedent of the Texas Court of Criminal Appeals and therefore decline Appellant's implicit

---

[3] *See London v. State*, 490 S.W.3d 503, at 507–10 (Tex. Crim. App. 2016); *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *Machado v. State*, No. 02-15-00425-CR, 2016 WL 3960587, at *4 (Tex. App.—Fort Worth July 21, 2016, pet. filed) (mem. op., not designated for publication) (addressing issues despite State's preservation arguments); *Barefield v. State*, No. 02-14-00336-CR, 2016 WL 551890, at *1 & n.2 (Tex. App.—Fort Worth Feb. 11, 2016, pet. ref'd) (mem. op., not designated for publication) (same). *But see Waddell v. State*, No. 02-14-00372-CR, 2015 WL 7820272, at *1–2 (Tex. App.—Fort Worth Dec. 3, 2015) (mem. op., not designated for publication) (overruling unpreserved constitutional complaints about statutes authorizing costs as forfeited), *rev'd*, No. PD-0014-16, 2016 WL 3625514, at *1 (Tex. Crim. App. June 29, 2016) (not designated for publication); *see also Amie v. State*, Nos. 02-15-00385-CR, 02-15-00386-CR, 2016 WL 741987, at *1 (Tex. App.—Fort Worth Feb. 25, 2016, pet. filed) (mem. op., not designated for publication) (overruling Amie's unpreserved constitutional complaint about section 133.102 of local government code as forfeited); *Davis v. State*, No. 02-15-00163-CR, 2015 WL 5770516, at *4 (Tex. App.—Fort Worth Oct. 1, 2015, pet. filed) (mem. op., not designated for publication (same)).

[4] *See* Tex. Code Crim. Proc. Ann. art. 102.020(a)(1) (West Supp. 2016).

[5] *See Peraza v. State*, 467 S.W.3d 508, 510, 521 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1188 (2016); *Machado*, 2016 WL 3960587, at *4 (relying on *Peraza* in addressing and overruling point raising same complaint); *Barefield*, 2016 WL 551890, at *1 & n.2 (same).

invitation to revive the "necessary or incidental" standard or to revisit the issue of the facial constitutionality of this statute.[6]  We overrule Appellant's first point.

In his second point, Appellant similarly contends that article 102.0186 of the code of criminal procedure, which authorized the assessment of the $100 in county child abuse prevention fund costs against him,[7] is facially unconstitutional. Appellant relies solely on the "necessary or incidental" standard rejected by the Texas Court of Criminal Appeals in *Peraza*.[8]  We therefore likewise overrule his second point.[9]

**Affirmative "No Objection" to PSI**

In his third point, Appellant contends that the trial court erred by admitting the PSI, violating his rights under the Confrontation Clause.  Appellant did not object to the trial court's consideration of the PSI and in fact stated that he had no objection to the trial court's admitting the PSI.  By affirming the trial court's consideration of the PSI at trial, Appellant forfeited his right to complain on

---

[6]*See Machado*, 2016 WL 3960587, at *4; *Haas v. State*, Nos. 02-11-00316-CR, 02-11-00317-CR, 2013 WL 362758, at *2 (Tex. App.—Fort Worth Jan. 31, 2013, pet. ref'd) (mem. op., not designated for publication); *Hailey v. State*, 413 S.W.3d 457, 489 (Tex. App.—Fort Worth 2012, pet. ref'd).

[7]*See* Tex. Code Crim. Proc. Ann. art. 102.0186 (West Supp. 2016).

[8]*See Peraza*, 467 S.W.3d at 517.

[9]*See id.*; *Machado*, 2016 WL 3960587, at *4.

appeal of the denial of confrontation that accompanied the PSI's admission.[10]

We therefore overrule Appellant's third point.

**Conclusion**

Having overruled Appellant's three points, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 26, 2016

---

[10]*See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (discussing "affirmative acceptance" rule of error preservation); *Sell v. State*, 488 S.W.3d 397, 401 (Tex. App.—Fort Worth 2016, pet. ref'd) (Dauphinot, J., concurring) (relying on *Swain* to conclude that Sell forfeited his right to complain on appeal of the denial of his right to confrontation).