

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00036-CR
No. 02-18-00220-CR

_____

DAVID ALLEN STEEN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court Nos. 1442404D, 1442402D

Before Sudderth, C.J.; Walker and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

In accordance with his guilty pleas, the trial court convicted appellant David Allen Steen of two third-degree felonies: harassment of a public servant and driving while intoxicated (DWI).[1] In three points on appeal, he argues that the trial court violated his constitutional right of confrontation by admitting a presentence investigation report (PSI) as punishment evidence, that the trial court "unlawfully assessed duplicate court costs," and that one of the court costs that the trial court assessed for the DWI conviction derived from a facially unconstitutional statute.[2] We reject Steen's argument concerning the admission of the PSI but sustain his contentions concerning the court costs, so we modify the trial court's judgments and affirm them as modified.

## Background

In separate indictments, a grand jury charged Steen with harassment of a public servant and with DWI. He entered an open guilty plea to each offense, and the trial court ordered the preparation of a PSI. Later, at a hearing to determine Steen's punishment, the State offered the PSI as evidence, Steen did not object to its

---

[1]*See* Tex. Penal Code Ann. §§ 22.11(a)(1), (b), 49.04(a), 49.09(b) (West Supp. 2018).

[2]Steen filed two briefs in this court. In his brief for cause number 02-18-00036-CR, relating to his conviction for harassment of a public servant, he raises only one point that concerns the admission of the PSI. In his brief for cause number 02-18-00220-CR, relating to his DWI conviction, he raises all three points.

admission, and the trial court admitted it. After the trial court heard testimony from several witnesses, the court convicted Steen, sentenced him to five years' confinement for the harassment charge, and sentenced him to seven years' confinement for the DWI charge.

In the judgments related to both offenses, the trial court assessed court costs. The court costs for the harassment offense totaled $289. The costs for the DWI offense totaled $464, including a $100 cost for "Emerg Med Serv." Steen brought these appeals.

## Admission of the PSI

In his first point in each appeal, Steen contends that the trial court violated his constitutional right to confront witnesses against him by admitting the PSI. *See* U.S. Const. amend. VI. He recognizes that he did not object to the PSI's admission and that general principles of error preservation require such an objection to preserve a complaint for our review. *See* Tex. R. App. P. 33.1(a)(1); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (applying rule 33.1(a)'s error preservation principles to a complaint that the admission of evidence violated a defendant's constitutional right to confront witnesses). He argues, however, that because the law is well-settled that admission of a PSI does not violate the right of confrontation,[3] any objection would have been futile, and an objection was therefore unnecessary.

---

[3]Steen concedes that on the merits of his complaint, "current Texas law is adverse to [his] argument." *See, e.g.*, *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim.

3

We have previously rejected this exact argument, and Steen's contention does not persuade us to depart from our precedent. *See Jones v. State*, No. 02-17-00332-CR, 2018 WL 2992591, at *1 (Tex. App.—Fort Worth June 14, 2018, pet. ref'd) (mem. op., not designated for publication); *Sell v. State*, 488 S.W.3d 397, 398–99 (Tex. App.—Fort Worth 2016, pet. ref'd). Thus, we hold that Steen forfeited his complaint about the admission of the PSI, and we overrule his first point in each appeal. *See* Tex. R. App. P. 33.1(a)(1); *Sell*, 488 S.W.3d at 399.

## Duplicate Costs

In his second point in his DWI appeal, Steen asserts that the trial court erred by assessing duplicate court costs in the DWI and harassment judgments. He contends that because the offenses were subject to a single plea proceeding and a single punishment proceeding, the trial court could assess court costs only once.

For this argument, Steen relies on article 102.073 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 102.073 (West 2018). Article 102.073 states in part,

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

> (b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of

App. 2010) ("When the sentence is determined by the judge, the information in a PSI is not subject to the Confrontation Clause.").

offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

*Id.* art. 102.073(a)–(b); *see Santoro v. State*, Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *1 (Tex. App.—Fort Worth June 28, 2018, no pet.) (mem. op., not designated for publication) (holding that article 102.073 applies when allegations and evidence of more than one offense are presented in a single trial or plea proceeding). The State concedes that under this statute, the trial court unlawfully assessed duplicate costs against Steen.

We agree with Steen and with the State that under article 102.073, the trial court could assess each cost only once. *See* Tex. Code Crim. Proc. Ann. art. 102.073(a). Accordingly, we sustain Steen's second point. Under *Santoro*, the correct remedy is to generally retain the court costs "for the offense of the highest category." 2018 WL 3153564, at *2; *see also Long v. State*, Nos. 02-17-00406-CR, 02-17-00407-CR, 2018 WL 3581008, at *3 (Tex. App.—Fort Worth July 26, 2018, pet. ref'd) (mem. op., not designated for publication) (holding that the trial court erred by assessing duplicate court costs in the less serious offense).

Here, the DWI and harassment offenses are both third-degree felonies. *See* Tex. Penal Code Ann. §§ 22.11(b), 49.09(b)(2). All of the costs in the harassment judgment duplicate costs in the DWI judgment, but the DWI judgment contains costs that do not duplicate costs in the harassment judgment. Thus, to comply with article 102.073 by eliminating duplicate costs, we conclude that we must modify the harassment

judgment in cause number 02-18-00036-CR (trial court cause number 1442404D) by deleting all of the costs (totaling $289) contained in that judgment.[4] *See* Tex. Code Crim. Proc. Ann. art. 102.073(a); Tex. R. App. P. 43.2(b); *Santoro*, 2018 WL 3153564, at *2; *Cain v. State*, 525 S.W.3d 728, 734 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (deleting costs in judgments that assessed lower amounts than the costs in another judgment).

## Unconstitutional Cost

In his third point in his DWI appeal, Steen contends that a $100 cost in the DWI judgment for "Emerg Med Serv" is based on a facially unconstitutional statute, article 102.0185(a) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 102.0185(a) (West 2018). The State concedes that the cost was based on article 102.0185(a), that article 102.0185(a) is facially unconstitutional, and that we should modify the DWI judgment by deleting the cost. Based on our prior decisions, we agree. *See Albrecht v. State*, No. 02-16-00316-CR, 2018 WL 285081, at *1 (Tex. App.—Fort Worth Jan. 4, 2018, no pet.) (mem. op., not designated for publication); *Casas v. State*, 524 S.W.3d 921, 927–28 (Tex. App.—Fort Worth 2017, no pet.). We sustain Steen's third point, and we will modify the DWI judgment by deleting the $100 "Emerg Med Serv" cost.

---

[4]This is the relief that Steen requests. He contends, "Since both offenses are third-degree felonies, the judgment with the lower amount of [costs] should be modified to delete the costs."

## Conclusion

Having overruled Steen's first point and having sustained his second and third points, we modify the trial court's judgment in the harassment case (appellate cause number 02-18-00036-CR and trial court cause number 1442404D) by deleting the assessment of court costs of $289, and we modify the trial court's judgment in the DWI case (appellate cause number 02-18-00220-CR and trial court cause number 1442402D) by deleting the $100 cost for "Emerg Med Serv," therefore reducing the total costs in that case from $464 to $364. We affirm the trial court's judgments as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Wade Birdwell  
Wade Birdwell  
Justice

Do Not Publish  
Tex. R. App. P. 47.2(b)

Delivered: October 4, 2018