

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00145-CR

---

BRYAN HAYWARD, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1471899D

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Bryan Hayward pled guilty to possession with intent to deliver four or more, but less than 200, grams of cocaine. In the "plea recommendation" portion of Hayward's written plea admonishments, Hayward agreed to an "open plea to Court with PSI." After reviewing the presentence investigation report (PSI), the trial court sentenced Hayward to twenty years' imprisonment.

In his sole point of error on appeal,[1] Hayward argues that the trial court's consideration of the PSI violated his rights under the Confrontation Clause. We find that Hayward failed to preserve this issue and overrule his sole point of error on appeal. Accordingly, we affirm the trial court's judgment.

## I. Hayward Did Not Preserve His Confrontation Clause Complaint

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling, if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Here, when the State introduced the PSI during sentencing, Hayward affirmatively stated that he had no objection to the report. By agreeing to the trial court's consideration of the PSI, the State argues that Hayward forfeited any argument against its consideration on appeal. We agree. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005); *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005).

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

Hayward acknowledges that the Texas Court of Criminal Appeals has held that the right to confront witnesses does not apply when a PSI is used in a non-capital case in which the defendant has elected to have the trial court assess punishment. *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010). He also claims that, although he failed to object to the introduction of the PSI, his complaint was not forfeited because the law is well-settled on this issue. *See Ex parte Hathorn*, 296 S.W.3d 570, 572 (Tex. Crim. App. 2009). In other words, because the law was settled against Hayward in *Stringer*, Hayward argues that a Confrontation Clause objection would have been overruled and was futile. The Second Court of Appeals has rejected this same argument and has expressly held that an objection to a PSI is required to preserve any Confrontation Clause argument on appeal. *Sell v. State*, 488 S.W.3d 397, 398–99 (Tex. App.—Fort Worth 2016, pet. ref'd).

We overrule Hayward's unpreserved sole point of error.

## II.     Conclusion

We affirm the trial court's judgment.



Ralph K. Burgess
Justice


Date Submitted:     January 10, 2019
Date Decided:       January 11, 2019

Do Not Publish

3