

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00137-CR

_____

STEVE MENDOZA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1496373D

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Steve Mendoza made an open plea of guilty to driving while intoxicated, third offense, pled true to the State's enhancement allegations,[1] and waived his right to a jury. After a presentence investigation report (PSI) was prepared, a Tarrant County[2] district court held a hearing on punishment and sentenced Mendoza to three years' imprisonment. On appeal, Mendoza contends that the trial court violated his right to confront witnesses against him when it considered the PSI at the punishment hearing. Because Mendoza did not preserve this point of error for our review, we will affirm the trial court's judgment.

## I. Background

After Mendoza entered his open plea of guilty, the trial court recessed the proceeding and ordered a PSI, which was requested by Mendoza. At the punishment hearing, Mendoza informed the trial court that he had no corrections to make to the PSI and that he was willing to admit it into evidence. When the State offered the PSI into evidence, Mendoza stated that he had no objections. After considering the PSI and the testimony of Mendoza's witnesses, the trial court assessed his punishment and entered its judgment of conviction.

---

[1]*See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2018).

[2]Originally appealed to the Second Court of Appeals in Fort Worth, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Second Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

## II. Mendoza Did Not Preserve Error

In his sole point of error, Mendoza contends that his right to confront the witnesses against him was violated when the trial court considered the PSI at his punishment hearing. *See* U. S. CONST. amend. VI. The State argues that Mendoza failed to preserve this point of error. We agree.

In order to preserve error for appellate review, the complaining party must generally make a timely and specific objection and obtain a ruling, or a refusal to rule, from the trial court. TEX. R. APP. P. 33.1(a)(1), (2). "Confrontation Clause claims are subject to this preservation requirement." *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (citing *Anderson v. State,* 301 S.W.3d 276, 280 (Tex. Crim. App. 2009)); *Jones v. State*, No. 02-17-00332-CR, 2018 WL 2992591, at *1 (Tex. App.—Fort Worth June 14, 2018, pet. ref'd) (mem. op., not designated for publication);[3] *Sell v. State*, 488 S.W.3d 397, 399 (Tex. App.—Fort Worth 2016, pet. ref'd).

At the punishment hearing, Mendoza affirmatively informed the trial court that he was willing to admit the PSI into evidence. After the State offered it into evidence, he affirmatively stated that he had no objections. Consequently, we find that Mendoza failed to preserve this issue for our review.[4] We overrule Mendoza's sole point of error.

---

[3]"Although unpublished opinions have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

[4]Even if Mendoza had preserved this issue for our review, he acknowledges that there is precedent from the Texas Court of Criminal Appeals that is adverse to his argument. In *Stringer v. State*, the Texas Court of Criminal Appeals held when a PSI is used in a non-capital case in which the trial court determines punishment, there is no violation of the Confrontation Clause. *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010). As the Fort Worth Court of Appeals has recognized, we are bound by this holding of the Texas Court of Criminal Appeals. *Sell*, 488 S.W.3d at 399.

### III. Conclusion

We affirm the trial court's judgment.

                                        Scott E. Stevens
                                        Justice

Date Submitted:        January 2, 2019
Date Decided:          January 16, 2019

Do Not Publish