

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00437-CR

———————————————

JARRED HARGROVE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F17-3057-16

Before Kerr, Pittman, and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

In one point, appellant Jarred Hargrove appeals his conviction for assault on a public servant. Hargrove acknowledges that he did not preserve his sole argument on appeal. However, he asks this court to overrule controlling authority concerning error preservation from our state's highest criminal court. Because we are bound to follow this precedent in the hierarchy of ordered justice, we hold that Hargrove forfeited his argument, and we affirm the conviction.

## I. Background

Hargrove was indicted for assault against a public servant. *See* Tex. Penal Code Ann. § 22.01(b)(1). He entered a plea of guilty without a plea agreement, but he went to the jury for a trial on punishment.

At trial, the State established that Hargrove served as a groomsman at a wedding in Aubrey, Texas on the afternoon of August 4, 2017. During the reception that evening, Hargrove caught the attention of an off-duty police officer, Jared Bryant. Officer Bryant saw Hargrove slumped over in a chair with his eyes closed. According to Officer Bryant, Hargrove "just didn't seem okay." Officer Bryant asked Hargrove if he needed help. Hargrove said he was fine. Believing that Hargrove was intoxicated, Officer Bryant decided to keep an eye on him.

Later that evening, Officer Bryant went to the bathroom, and when he emerged, he saw Hargrove shirtless in the lobby. There was a running pickup truck parked out front with no one inside. Hargrove stated that he was leaving. Officer

Bryant followed Hargrove outside, asking him if he had a ride. Hargrove responded that he was his own ride.

Officer Bryant stepped in front of Hargrove to prevent him from walking any closer to the truck and told him that he should not be driving. Hargrove became aggressive and struck Officer Bryant in the face. Hargrove then tackled Officer Bryant around the midsection. A uniformed officer, Abram Salinas, broke up the altercation and restrained Hargrove, taking him to the ground. Once they separated, Officer Bryant went back inside. Hargrove calmed down and went to smoke a cigarette in the parking lot. Officer Salinas asked the wedding coordinator to call the police for additional units.

Officer Kevin Souders responded to the scene. In the darkened parking lot, Officers Salinas and Souders approached Hargrove, shining a flashlight in his direction. Hargrove asked Officer Souders to move the flashlight out of his eyes. Officer Souders moved the flashlight to the side, but Hargrove insisted that the light was still too bright. Officer Salinas suggested that Hargrove sit on the curb, and Hargrove did so while yelling profanities at Officer Souders. Officer Souders asked Hargrove what rank he had obtained in the military, and Hargrove responded that he was a corporal. Officer Souders said he himself was a staff sergeant—a higher rank— and told Hargrove to "lock it up."

At this, Hargrove became enraged. He stood from the curb and shouted into Officer Souders's face. He spat into the lens of Officer Souders's body camera. Finally, Hargrove slapped Officer Souders on the left side of his face.

Officer Salinas drew his taser and instructed Hargrove to get on the ground. Hargrove eventually complied and was arrested.[1]

In closing, the State emphasized Hargrove's intoxication and the evidence that he intended to drive home: "We all saw him. He was intoxicated while he was in public, and he drove his car, and he intended to drive all the way home." The State argued that Hargrove's apparent plan to drive while intoxicated made his conduct worthy of a stiffer punishment. Hargrove did not object to this line of argument.

Following deliberations, the jury recommended a punishment of two years' confinement, and the trial court sentenced Hargrove accordingly. Hargrove appeals.

## II.    Preservation

In his only point, Hargrove complains of improper jury argument. Hargrove contends that the State exceeded permissible boundaries when it treated his assault case "as a charge for driving while intoxicated." Hargrove insists that by focusing on potential intoxicated driving, the State injected facts from outside the record, invited speculation, and inflamed the jury.

---

[1]By way of background, the jury also heard evidence concerning Hargrove's criminal history, his otherwise good character, and his post-traumatic stress disorder from family tragedy and two tours in Afghanistan.

4

Hargrove admits that he did not object to the State's closing argument. Hargrove also acknowledges that when a defendant fails to timely object, he will forfeit a complaint concerning even an incurably improper jury argument, as has been the rule since the time of *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

However, Hargrove asks us to "reconsider" *Cockrell*. He urges us to return to the rule that *Cockrell* overturned: that incurably improper jury arguments are not subject to preservation requirements. *See Montoya v. State*, 744 S.W.2d 15, 37 (Tex. Crim. App. 1987) (op. on reh'g), *overruled by Cockrell*, 933 S.W.2d at 89; *Romo v. State*, 631 S.W.2d 504, 505–06 (Tex. Crim. App. [Panel Op.] 1982), *overruled by Cockrell*, 933 S.W.2d at 89.

But *Cockrell* is not ours to reconsider, and as an intermediate appellate court, we are bound to follow it. *See Sell v. State*, 488 S.W.3d 397, 399 (Tex. App.—Fort Worth 2016, pet. ref'd); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd). Moreover, the court with ownership of that line of authority has made clear that *Cockrell* is here to stay. The court of criminal appeals has been invited multiple times to overturn *Cockrell*, and each time it has refused. *See Hernandez v. State*, 538 S.W.3d 619, 623 (Tex. Crim. App. 2018); *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004); *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) ("Appellant urges us to overrule *Cockrell v. State* . . . . [W]e decline to overrule *Cockrell*, a case perfectly in line with Rule of Appellate Procedure 33.1 and the policies underlying preservation of error.").

Under controlling precedent, then, the right to a trial untainted by improper jury argument is forfeitable and subject to the normal rules of error preservation. *See Hernandez*, 538 S.W.3d at 622. To preserve a complaint under those rules, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Martinez v. State*, 17 S.W.3d 677, 686 (Tex. Crim. App. 2000). Absent an objection to jury argument, nothing is presented for review. *Threadgill*, 146 S.W.3d at 667; *Cockrell*, 933 S.W.2d at 89.

Because Hargrove did not object and obtain an adverse ruling, his complaint is not preserved for our review. *See* Tex. R. App. P. 33.1(a). We therefore overrule Hargrove's sole point.

### III.   Conclusion

We affirm the trial court's judgment.

/s/ Wade Birdwell
Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 6, 2019

6