

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00028-CR
_____

JAMES DARRELL HARRISON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1604300R, Honorable Elizabeth Beach, Presiding

July 29, 2021

OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

In the trial court, Appellant James Darrell Harrison entered an open plea of guilty to the offense of "assault family/household member with previous conviction."[1] The trial court imposed a sentence of twenty-five years' confinement.[2] In a single issue, Appellant

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1),(b)(2)(A) (West Supp. 2020).

[2] Appellant was subjected to an enhanced punishment range under the Penal Code's habitual offender punishment provision for two prior felony convictions. *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019) (providing that at trial of felony offense, aside from exceptions not here applicable, a defendant shall be punished by imprisonment for life or any term not more than 99 years or less than 25 years upon proof of two previous sequential felony convictions).

argues his right to confront witnesses was violated when the trial court considered a presentence investigation report (PSI) at the punishment hearing. We overrule Appellant's issue and affirm the judgment of the trial court.[3]

## Background

As noted, Appellant entered an open plea of guilty to the charged offense. He also pleaded "true" to a habitual offender allegation. Appellant answered in the affirmative when asked by the trial court if he wanted to plead guilty and request the court prepare a PSI. The trial court deferred sentencing pending preparation of a PSI. The clerk's record contains Appellant's "written plea admonishments," signed by Appellant and his trial counsel. In the document, Appellant expressly requested preparation of a PSI.

At the punishment hearing, the trial court acknowledged Appellant and the State had received a copy of the PSI and that the court had reviewed it. Appellant did not state an objection to the court considering the PSI. No testimony was presented at the punishment hearing. During Appellant's closing argument his attorney stated he "liked" PSI reports, explaining, "Your Honor, the things I like about having a PSI is it allows for a much more thorough story about my client's life and what has led up here to today." The trial court sentenced Appellant as noted. Appellant's motion for new trial was overruled by operation of law and this appeal followed.

---

[3] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Analysis

Through a single issue, Appellant argues his Sixth Amendment right to confront adverse witnesses was violated when the trial court considered the PSI at the punishment phase of trial.[4]  We hold that because the PSI is being used in a non-capital case, Appellant has waived his right to complain by not obtaining a ruling from the trial court after a timely objection.  TEX. R. CIV. P. 33.1(a); *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010)*; Hernandez-Sandoval v. State*, No. 07-11-00085-CR, 2012 Tex. App. LEXIS 7660, at *25 (Tex. App.—Amarillo Sep. 6, 2012, pet. ref'd) (mem. op., not designated for publication).

Appellant replies his failure to object to the PSI did not forfeit appellate review because "under circumstances where the law is well-settled to the point where any objection in the trial court would be futile, the claim will not be considered forfeited for later review."  As authority for the argument, he cites *Ex parte Hathorn*, 296 S.W.3d 570 (Tex. Crim. App. 2009), a capital murder / death sentence case in which a decision by the United States Supreme Court changed the law regarding consideration of mitigating evidence during the pendency of Hathorn's direct appeal.  *Id.* at 571 (citing *Penry v. Lynaugh*, 492 U.S. 302, 109 S. Ct. 2934, 106 L. Ed. 2d 256 (1989)).  The Court of Criminal Appeals held that "[g]iven the unique circumstances of this case, and the state of the law at the time of Applicant's trial and direct appeal," the applicant was not procedurally barred from raising a *Penry* issue despite the lack of a mitigation request and objection at trial.

---

[4] Citing *Stringer v. State,* 309 S.W.3d 42 (Tex. Crim. App. 2010), Appellant's counsel concedes that "current Texas law is adverse to Appellant's argument on this point."  He argues for "a change or reversal in the law."  As an intermediate appellate court, we are bound to follow the decisions of the Court of Criminal Appeals.  *Sell v. State,* 488 S.W.3d 397, 399 (Tex. App.—Fort Worth 2016, pet. ref'd).

One clear distinction from the present circumstance and the situation in *Hathorn* is that the Appellant has not faced a change in settled law during the pendency of his case. Moreover, his position is directly in conflict with controlling authority on this question. *See Stringer,* 309 S.W.3d at 42; *Sell,* 488 S.W.3d at 399. In *Sell,* 488 S.W.3d at 399, the Second Court of Appeals rejected a contention identical to Appellant's. After Sell entered a plea of guilty to the offense of aggravated assault, the State offered a PSI; Sell did not object. *Id.* at 399. The court of appeals held the defendant failed to preserve his Confrontation Clause argument for appellate review. *Id.* We hold the same here.

Appellant's change in position is more closely akin to invited error. "If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error." *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). Appellant, agreeing with the trial court's plan to order a PSI, signed a writing in which he affirmatively requested a PSI, made no objection to the court's consideration of the PSI at the punishment hearing, and even touted the benefits of the PSI to the trial court. We conclude his Confrontation Clause complaint was forfeited for review. TEX. R. APP. P. 33.1(a)(1),(2); *Sell,* 488 S.W.3d at 398-99; *Davis,* 2016 Tex. App. LEXIS 1199, at *2. Appellant's sole issue is overruled.

Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.


Lawrence M. Doss
Justice


Publish.

4