

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00146-CR

———————————————

BRANDON JESSE RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1655970

Before Bassel, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I.  Introduction

Appellant Brandon Jesse Rodriguez raises one point on appeal, arguing that the trial court violated his Sixth Amendment right to confront the witnesses against him when it considered a presentence investigation report (PSI) at punishment.  For the reasons set forth below, we affirm the trial court's judgment.

### II.  Background

Rodriguez pleaded guilty—without the benefit of a plea bargain—to the offense of continuous violence against family.  *See* Tex. Penal Code Ann. § 25.11.  The case was continued for preparation of the PSI.  At the sentencing hearing, the PSI was referenced at least six times.  At no point did Rodriguez object.  The trial court sentenced Rodriguez to six years' confinement.  Rodriguez then perfected this appeal.

### III.  Discussion

In his sole point, Rodriguez contends that his right to confront the witnesses against him was violated when the trial court considered the PSI at punishment.  Rodriquez, however, failed to preserve his complaint.  Even if he had preserved it, it has no merit.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling.  Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021).  Before this appeal,

Rodriguez raised no objection, much less a Confrontation Clause objection, to the PSI and admits as much.

Rodriguez asserts that preservation was unnecessary because the law is so well-settled that an objection would have been futile. *See Ex parte Hathorn*, 296 S.W.3d 570, 572 (Tex. Crim. App. 2009). We have previously expressed reservations about that precise argument. *See Reveron v. State*, Nos. 02-23-00041-CR, 02-23-00042-CR, 2023 WL 8467385, at *3 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (mem. op., not designated for publication) (citing *Sell v. State*, 488 S.W.3d 397, 398–99 (Tex. App.—Fort Worth 2016, pet. ref'd)).

In any event, the Texas Court of Criminal Appeals has held that "when a PSI is used in a non-capital case in which the defendant has elected to have the judge determine sentencing, *Crawford*[1] does not apply"; thus, there is no violation of a defendant's Sixth Amendment right to confrontation. *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010). "That is precisely what occurred in this case . . . ." *Reveron*, 2023 WL 8467385, at *3 (quoting *Sell*, 488 S.W.3d at 399).

Accordingly, we overrule Rodriguez's sole point.

---

[1]*Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004).

## IV.  Conclusion

Having overruled Rodriquez's sole point, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 28, 2024

4