

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00049-CR

CLIFFORD FERGUSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 297th District Court
Tarrant County, Texas[1]
Trial Court No. 1795199, Honorable David C. Hagerman, Presiding

August 8, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Clifford Ferguson, entered an open plea of guilty to the offense of aggravated assault with a deadly weapon.[2] After a punishment hearing, the trial court found Appellant guilty, made an affirmative finding that he used a deadly weapon, found

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 22.02.

an enhancement allegation true, and sentenced him to twenty years' confinement. Appellant appeals this sentence. We affirm the trial court's judgment.

## BACKGROUND

On July 31, 2023, Appellant dropped his girlfriend off at a Walmart. He circled the parking lot while she made her purchase. As she left the store, Appellant stopped in front of the front doors to pick her up. A driver who was behind Appellant drove around his vehicle. Appellant followed this driver and stopped his vehicle behind her vehicle once she entered a parking space. Appellant exited his vehicle and approached the other driver's window, which was open. Appellant punched the other driver through the open window. He then returned to his vehicle and drove away.

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon. At trial, he entered an open plea of guilty and pleaded true to a repeat offender enhancement allegation. The trial court ordered the preparation of a presentence investigation report (PSI). At the subsequent hearing, the State offered the PSI. Appellant stated that he had "[n]o objection" to its admission and even referenced it in his closing argument. The trial court found Appellant guilty as charged, found the enhancement allegation true, and sentenced Appellant to twenty years' incarceration. Appellant timely filed appeal.

By his appeal, Appellant presents two issues challenging the trial court's sentence. By his first issue, Appellant contends that the sentence imposed by the trial court is grossly disproportionate to the offense and violates the Eighth Amendment's prohibition on cruel and unusual punishment. His second issue contends that the admission of the

2

PSI into evidence during the punishment hearing violated his Sixth Amendment right to confront adverse witnesses.

## DISPROPORTIONATE SENTENCE

By his first issue, Appellant contends that the twenty-year sentence of incarceration imposed by the trial court is grossly disproportionate and violates the Eighth Amendment's prohibition against cruel and unusual punishments. The State responds arguing that Appellant failed to preserve his claim of disproportionate sentencing for appellate review. We agree with the State.

Ordinarily, to preserve an issue for appellate review, an appellant must have first raised the issue in the trial court. TEX. R. APP. P. 33.1; *Sample v. State*, 405 S.W.3d 295, 303 (Tex. App.—Fort Worth 2013, pet. ref'd). A sentencing issue may be preserved by objecting at the punishment hearing or when sentence is pronounced. *See Sample*, 405 S.W.3d at 303 (citing *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no pet.), for proposition that appellant failed to preserve Eighth Amendment complaint when he failed to object at sentencing). In some instances, a sentencing issue may be preserved by raising it in a motion for new trial. *Id.*

In the present case, Appellant did not raise the issue of his sentence being grossly disproportionate at the punishment hearing or when sentence was pronounced. He did, however, file a motion for new trial in which he alleged that "[t]he punishment is excessive in light of the facts of the case and is beyond the reasonable limits based on the violation(s) alleged[.]" To preserve an issue by motion for new trial, a defendant must present the motion to the trial court. *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—

3

Fort Worth 2010, pet. ref'd) (per curiam) (citing TEX. R. APP. P. 21.6). The defendant must ensure that the trial court has actual notice of the motion for new trial; merely filing the motion is not sufficient. *Id.* Actual notice can be shown by things such as the judge's signature on the proposed order or the trial court setting a hearing for the motion on the docket. *Id.* There is no evidence of presentment of the motion shown in this appellate record: no signature of the judge appears on the motion, no hearing was set or held, and there is no indication that the trial court had actual knowledge that the motion for new trial was filed. *Id.* Thus, we conclude that Appellant has failed to preserve his claim regarding the alleged disproportionate sentence for our review.

However, even if the record showed that Appellant presented the motion, we do not find that his twenty-year sentence is grossly disproportionate. Generally, when a sentence is within the relevant statutory range, that punishment is not subject to challenge for excessiveness. *Sample*, 405 S.W.3d at 304. Appellant contends that his twenty-year sentence is cruel and unusual because his criminal history does not indicate that he has been charged with or convicted of an offense where he used or exhibited a firearm, and he has been successful in complying with the terms of community supervision. We note that in the instant case, Appellant did not use a firearm and was on community supervision. Therefore, we fail to see the mitigating effect of the factors upon which Appellant focuses our attention. Further, a twenty-year sentence is well within the statutory range of five to ninety-nine years or life.[3] Therefore, even if we assume that

---

[3] While Appellant was convicted of a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02(b), the punishment range is enhanced to that of a first-degree felony because the trial court found that Appellant had previously been finally convicted of a felony, *see id.* § 12.42(b).

4

Appellant had preserved his disproportionate sentence claim, we do not conclude that the record reflects that Appellant's sentence is cruel and unusual. *See Camacho v. State*, No. 02-23-00184-CR, 2024 Tex. App. LEXIS 195, at *6–7 (Tex. App.—Fort Worth Jan. 11, 2024, no pet.) (mem. op., not designated for publication) (concluding twenty-year sentence for aggravated assault not grossly disproportionate).

For the foregoing reasons, we overrule Appellant's first issue.

## CONFRONTATION CLAUSE VIOLATION

By his second issue, Appellant contends that his Sixth Amendment right to confront adverse witnesses was violated when the trial court considered a PSI at the punishment phase of trial. The State responds that Appellant has waived this complaint by not making a timely objection to the trial court's consideration of the PSI or obtaining a ruling from the trial court on any such objection. We agree with the State.

When a PSI is being used in a non-capital case, the defendant waives his right to complain about the trial court's consideration of the report when he does not timely object and obtain a ruling from the trial court. *Harrison v. State*, 631 S.W.3d 838, 840 (Tex. App.—Amarillo 2021, pet. ref'd); *see* TEX. R. APP. P. 33.1(a) (general requirements to preserve issue for appeal); *Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010) (Confrontation Clause violation claims must be properly preserved). Appellant contends that where, as here, the law is so well-settled that any objection in the trial court would be futile,[4] his failure to object to consideration of the PSI did not forfeit appellate review. This

---

[4] Appellant cites *Stringer v. State*, 309 S.W.3d 42, 48 (Tex. Crim. App. 2010), as establishing that "the Confrontation Clause protections articulated in *Crawford v. Washington*[, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)] do not apply at a non-capital sentencing to a PSI used by the judge in determining

5

same argument was made in *Sell v. State*, 488 S.W.3d 397 (Tex. App.—Fort Worth 2016, pet. ref'd). After distinguishing the same cases cited by Appellant and pointing out that, like here, Appellant affirmatively stated that he had no objection when the State sought to admit the PSI, the transferor court concluded that the appellant had failed to preserve the issue for appellate review. *Id.* at 398–99. Because this is a transferred case, we are obligated to decide the case in accordance with the precedent of the transferor court under principles of stare decisis.[5] TEX. R. APP. P. 41.3. Because the transferor court's precedent requires us to conclude that Appellant has failed to preserve this issue for appeal, we overrule Appellant's second issue.

<h3 align="center">CONCLUSION</h3>

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker<br>Justice

Do not publish.

---

the punishment." Even if we were to determine that Appellant preserved this issue, as an intermediate appellate court, we are bound to follow the decisions of the Texas Court of Criminal Appeals. *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd).

[5] We do note that there is no conflict between our precedent on this issue and that of the transferor court. *See Harrison*, 631 S.W.3d at 839–40 (concluding Confrontation Clause violation complaint forfeited when, as here, appellant agreed to court's plan to order PSI, signed request for PSI, did not object to PSI at punishment hearing, and referenced favorable portions of PSI at punishment hearing).